STATE of Tennessee, Appellee,

v.

Steve BENNETT, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

June 7, 1990.

Charles W. Burson, Atty. Gen. & Reporter, C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, David G. Ballard, Dist. Atty. Gen., Steven R. Hawkins, Asst. Dist. Atty. Gen., Maryville, for appellee.

Charles B. Fels, Ritchie, Fels & Dillard, P.C., Knoxville, for appellant.

## OPINION

JONES, Judge.

The appellant, Steve Bennett, was convicted of murder in the second degree by a jury of his peers. The trial judge, finding the appellant to be a standard offender, imposed a Range I sentence of twelve (12) years in the Department of Correction. Since the appellant used a firearm in the commission of the offense, the trial judge imposed an additional sentence of five (5) years. These sentences are to be served consecutively. The effective sentence imposed by the trial judge is seventeen (17) years in the Department of Correction.

The appellant appealed as of right to this Court following the denial of his motion for a new trial. Tenn.R.App.P. 3(b).

## ISSUES PRESENTED FOR REVIEW

The appellant presents several issues for our review. He contends that permitting private prosecutors to participate in the prosecution resulted in the deprivation of a constitutional right. He also contends that the trial judge committed error of prejudicial dimensions in denying (a) his motion to strike the aggravating circumstances alleged by the State, (b) his motion for a continuance, (c) his motion for a change of venue, (d) his objection to the testimony of a medical doctor, (e) his special request for jury instructions, (f) his motion to require the State to publicly declare the standards used in determining whether to seek the death penalty in this case, and (g) his motion to disallow the testimony two witnesses who were not excluded during the preliminary hearing. He further contends that the trial judge should have sentenced him as an especially mitigated offender, and the trial judge should not have enhanced his sentence for using a firearm in the commission of the offense.

## CONSTITUTIONALITY OF STATUTE PERMITTING THE USE OF PRIVATE PROSECUTORS IN CRIMINAL PROCEEDINGS

The victim's family employed two attorneys to serve as private prosecutors. One of the attorneys was active in the Blount County Democratic Party. The other attorney was active in the Blount County Republican Party. Both had served as county chairman for their respective parties. The attorneys actively participated in all phases of the prosecution against the appellant.

The appellant vigorously opposed the right of the private prosecutors to participate in the trial on the merits. He filed a pretrial motion challenging their right to participate in the prosecution on constitutional grounds. The trial judge denied the motion. He subsequently appealed by permission to this Court pursuant to Rule 9, Tenn.R.App.P. The appellant's application was denied. Thereafter, the appellant sought permission to appeal the issue to the Tennessee Supreme Court pursuant to Rule 10, Tenn.R.App.P. The Supreme Court denied the appellant's application on the ground that the issue had become moot.

In this Court the appellant contends that the statute permitting the utilization of private prosecutors violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and the Law of the Land Clause contained in Article I, Section 8 of

the Tennessee Constitution. He further contends that the statute is unconstitutional in the manner in which it was applied in this case.

Prior to 1978, the common law of this State recognized the right of a victim, or the family of a deceased victim, to employ private counsel to assist the district attorney general, or his assistant, in the prosecution of the person who committed the offense against the victim. In 1978 the Tennessee General Assembly enacted a statute which recognizes the right of a victim to employ private counsel to assist in the prosecution of the accused. This statute [1] provides:

> A victim of crime or the family members of a victim of crime may employ private legal counsel to act as co-counsel with the district attorney general or his deputies in trying cases, with the extent of participation of such privately employed counsel being at the discretion of the district attorney general. The district attorney general or his deputys shall make the final and concluding argument.

■ Contrary to the appellant's contention, the practice of permitting a privately retained prosecutor to assist a district attorney general, or his assistant, does not violate the Fourteenth Amendment to the United States Constitution or the Law of the Land provision contained in Article I, Section 8 of the Tennessee Constitution.[2] Consequently, Tenn.Code Ann. § 8–7–401 is constitutional.

■ Our review of the record does not reveal that the application of this statute in the case *sub judice* resulted in a depravation of a constitutional right. The private prosecutors did not engage in prosecutorial misconduct.[3] Nor does the record reflect that the private prosecutors represented the family of the victim in a civil case arising out of the occurrence which gave rise to the criminal prosecution.[4] Also, this was not a contempt proceeding which arose out of a civil prosecution.[5]

The district attorney general maintained control over the prosecution as required by our statute.

■ The appellant's complaint that a private prosecutor was permitted to argue during summation to the jury is likewise without merit. The statute does not prohibit a private prosecutor from making the opening argument to the jury. Only the rebuttal, or last argument, must be made by the district attorney general or his assistant.

This issue is without merit.

## MOTIONS TO STRIKE AGGRAVATING CIRCUMSTANCES AND REQUIRE DISTRICT ATTORNEY GENERAL TO DECLARE STANDARDS USED IN DETERMINING WHETHER TO SEEK THE DEATH PENALTY

■ The state gave notice to the appellant that it intended to seek the death penalty. The aggravating circumstance alleged in the notice contended that the appellant "knowingly created a great risk of death to two or more persons other than the victim." [6] The appellant moved to strike this aggravating circumstance on the ground it was not warranted by the facts or the law. The appellant also sought the entry of an order requiring the district attorney general to declare the standards or criteria he used in determining whether he should seek the death penalty in his case. The trial judge denied both motions.

---

1. Tenn.Code Ann. § 8–7–401.

2. *Jones v. Richards,* 776 F.2d 1244, 1247 (4th Cir.1985); *Powers v. Hauck,* 399 F.2d 322, 325 (5th Cir.1968); *Stumbo v. Seabold,* 704 F.2d 910, 911 (6th Cir.1983); *Commonwealth v. Hubbard,* 777 S.W.2d 882, 883 (Ky.1989).

3. *See Stumbo v. Seabold,* supra; *Thomas v. State,* 59 So.2d 517 (1952) [private prosecutor was over-zealous in the prosecution of the accused].

4. *See Cantrell v. Commonwealth,* 229 Va. 387, 329 S.E.2d 22 (1985); *Ganger v. Peyton,* 379 F.2d 709 (4th Cir.1967). *See Jones v. Richards,* supra.

5. *See Kearns v. Wolverton,* 381 S.E.2d 258 (W.Va.1989); *State ex rel. Koppers v. Intern. Union,* 298 S.E.2d 827 (W.Va.1982).

6. Tenn.Code Ann. § 39–2–203(i)(3).

These issues are moot. As previously indicated, the jury found the appellant guilty of murder in the second degree. The jury's verdict means that the appellant was acquitted of murder in the first degree.[7] Therefore, these issues will not be addressed since they are not a matter of "great public interest". Nor will these issues "evade review if not addressed."[8]

This issue is without merit.

## EXCLUSIONS OF TESTIMONY FOR VIOLATION OF RULE AT PRELIMINARY HEARING

■ The appellant contends that he invoked the "rule" at the preliminary hearing as to all witnesses—those who were to testify at the hearing and those who would later testify at the trial. The magistrate ordered the witnesses who were going to testify at the preliminary hearing to leave the courtroom. However, he refused to remove the remaining potential witnesses from the courtroom. The appellant moved the trial judge for the entry of an order disqualifying the two witnesses who were permitted to remain in the courtroom at the preliminary hearing. The trial judge denied the motion.

The appellant has failed to cite a statute, rule or common law decision of the Supreme Court or this Court which provides for the removal of citizens because they "might" be witnesses at some point in the proceedings.

The presence of these two witnesses in the courtroom during the preliminary hearing did not disqualify them from testifying in the criminal court. However, counsel was entitled to question the witnesses regarding their presence at the preliminary hearing. In short, this fact went to the credibility of the witnesses as opposed to the admissibility of the witnesses' testimony.

This issue is without merit.

## FAILURE TO GRANT CONTINUANCE

The appellant and David Adams, a co-defendant, were together on the night in question. The Blount County Grand Jury indicted both Bennett and Adams for offenses flowing from the death of the victim, Lance Russell. The trial judge ultimately granted a severance of defendants. The reason for the severance is not contained in the record.

Defense counsel, contending that Adams was a material witness for Bennett, issued a subpoena for Adams. Adams' attorney, David T. Black, executed an affidavit, which was filed in the cause. Black stated in the affidavit that if Adams was called to testify by either party, he would invoke his constitutional privilege against self-incrimination.

The appellant subsequently filed a motion for a continuance, supported by two affidavits, asking the trial judge to grant him a continuance until after Adams had been tried. The motion alleged that Adams was unavailable as a witness, and, as a consequence, he would be denied favorable testimony. The affidavit of defense counsel stated that he had a reasonable basis for believing Adams would testify in support of the appellant's defense after the completion of his trial. The trial judge denied the motion.

■ When an accused seeks a continuance on the ground a witness or evidence is unavailable, the accused is required to file a written motion which sets forth the grounds for the continuance with particularity.[9] The motion must be supported by an affidavit. The affidavit must allege (a) the substance of the facts that the accused expects to prove through the unavailable witness or evidence,[10] (b) sufficient facts to

---

7. *State v. Plummer,* 658 S.W.2d 141, 143 (Tenn. Crim.App.1983).

8. *See LaRouche v. Crowell,* 709 S.W.2d 585, 587–588 (Tenn.App. [1985] ), cert. denied, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

9. Tenn.R.Crim.P. 47.

10. Tenn.Code Ann. § 19–1–110(a). *See State v. Hartman,* 703 S.W.2d 106, 117–118 (Tenn.1985), cert. denied, 478 U.S. 1010, 106 S.Ct. 3308, 92 L.Ed.2d 721 (1986); *State v. Howell,* 672 S.W.2d 442, 445–446 (Tenn.Crim.App.1984).

establish the relevance and materiality of the testimony or evidence,[11] (c) the testimony of the witness or evidence would be admissible, if available,[12] (d) the testimony or evidence is not merely cumulative to other evidence,[13] (e) the witness or evidence will be available at a later date,[14] and (f) diligence was exercised to obtain the presence of the witness or evidence.[15]

◼ The determination of whether an affidavit given in support of a motion for a continuance is sufficient rests within the sound discretion of the trial judge.[16] As a general rule, mere conclusory allegations or opinions, standing alone, are insufficient to support the granting of a continuance.[17]

◼◼ The question of whether a criminal trial should be continued to a later date is a matter entrusted to the sound discretion of the trial judge.[18] This Court will not interfere with the exercise of this discretion unless it appears upon the face of the record that (a) the trial judge has abused his discretion and (b) prejudice enured to the accused as a direct result of the trial judge's ruling.[19] In the case *sub judice* the trial judge did not abuse his discretion in denying the appellant's motion for a continuance. The affidavit of the investigator retained by the appellant sets forth facts that Adams would recite if called as a witness. According to this affidavit, Adams did not observe what occurred immediately before and during the incident in question. The affidavit recites: "While David Adams was looking in the direction of the garage, he heard a shot and then looked back." Other facts set forth in the affidavit would not be admissible if Adams testified during Bennett's trial.

The affidavit of defense counsel recites that "[h]e has a reasonable basis to believe that David Adams will testify if Steve Bennett's trial were continued until the charges against David Adams were disposed of either by dismissal, acquittal or conviction and his Fifth Amendment privileges dispelled." There are no facts stated in the affidavit to support this conclusion. This affidavit also states that "[h]e has a reasonable basis to believe that David Adams' testimony is material and essential to Steve Bennett's defense and the testimony will be exculpatory and favorable." Again, there are no specific facts set forth in the affidavit or the affidavit of the investigator to establish that the testimony to be given by Adams would be exculpatory or favorable. In summary, the affidavits contained in the record are insufficient to support the granting of a continuance.

We also note that one of the reasons for wanting Adams to testify was to dispel the aggravating circumstance offered by the state to justify the imposition of the death penalty, the mental state of the appellant, the intent of the appellant, and the demeanor of Lance Russell. Since the jury re-

11. *Moorehead v. State,* 219 Tenn. 271, 274–275, 409 S.W.2d 357, 358–359 (1966); *State v. Frahm,* 737 S.W.2d 799, 802 (Tenn.Crim.App.1987).

12. *State v. Hartman,* supra; *State v. Reynolds,* 671 S.W.2d 854, 856 (Tenn.Crim.App.1984); *Marshall v. State,* 497 S.W.2d 761, 766 (Tenn. Crim.App.1973).

13. *State v. Robinson,* 106 Tenn. 204, 210, 61 S.W. 65, 66 (1901); *State v. Frahm,* supra; *Reagan v. State,* 525 S.W.2d 683, 686 (Tenn.Crim. App.1974).

14. *State v. Reynolds,* supra; *Brown v. State,* 489 S.W.2d 855, 856–857 (Tenn.Crim.App.1972).

15. *Jefferson v. State,* 529 S.W.2d 674, 688 (Tenn. 1975), app. after rem. 559 S.W.2d 649 (Tenn. Crim.App.1977); *State v. Reynolds,* supra; *Hous-*

*ton v. State,* 567 S.W.2d 485, 488 (Tenn.Crim. App.1978).

16. *Taylor v. State,* 79 Tenn. 708, 715 (1883).

17. *Rhea v. State,* 18 Tenn. 257, 260 (1837), where the Supreme Court held that an allegation to the effect "other facts of vital importance to his defense" was inadequate to support a motion for a continuance.

18. *Hunter v. State,* 222 Tenn. 672, 688, 440 S.W.2d 1, 8 (1969); *Moorehead v. State,* 219 Tenn. 271, 274–275, 409 S.W.2d 357, 358–359 (1966); *State v. Seals,* 735 S.W.2d 849, 853 (Tenn.Crim.App.1987).

19. *State v. Seals,* supra; *State v. Goodman,* 643 S.W.2d 375, 378 (Tenn.Crim.App.1982); *Smith v. State,* 2 Tenn.Crim.App. 192, 201–202, 452 S.W.2d 669, 673–674 (1969), cert. denied, 400 U.S. 831, 91 S.Ct. 62, 27 L.Ed.2d 62 (1970).

turned a verdict of guilty of second degree murder, this ground is without merit.

This issue is without merit.

## CHANGE OF VENUE

The appellant contends that the trial court committed error of prejudicial dimensions in denying his request for a change of venue. Based upon our examination of the record, we conclude that the record presented to this Court will not permit the resolution of this issue on the merits.

The record contains a motion for change of venue or continuance, the supplementation of the motion with a few news accounts written about the proceedings, and the statements contained in the appellant's brief. While the appellant states in his brief that "[l]ive testimony from several witnesses was also offered to the trial court at the motion hearing on a April 29, 1988", the transcription of this hearing is not contained in the record. Furthermore, the entire voir dire proceedings are not contained in the record.

When an accused seeks appellate review of an issue in this Court, it is the duty of the accused to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal.[20] Where, as here, there has been an evidentiary hearing regarding the issue, the accused is required to include a transcription of the hearing in the record.[21]

Allegations contained in pleadings are not evidence.[22] Also, the arguments of counsel and the recitation of facts contained in an appellate brief, or a similar pleading, are not evidence.[23] The same is true of statements made by counsel during oral argument.[24] In summary, statements of fact made in pleadings, briefs and oral argument may not be considered by this Court in lieu of a transcript of an evidentiary hearing.

This Court is also prohibited from considering the exhibits appended to the various motions and supplements to the motions that are included in the "technical" record. Before an exhibit or an attachment to a pleading may be considered by this Court, it must have been (a) received into evidence, (b) marked by the trial judge, clerk or court reporter as having been received into evidence as an exhibit, and (c) included in the transcript transmitted to this Court.[25] While Rule 24, Tenn.R. App.P., abolishes the distinction between what was formally referred to as the "bill of exceptions" and the "technical record", creating what is now called the "record on appeal", the foregoing rule governing exhibits was not abolished.[26]

When the record is incomplete, and does not contain the proceedings and documents relevant to an issue, this Court is precluded from considering the issue.[27] We must conclusively presume the ruling

**20.** Tenn.R.App.P. 24(b), *State v. Bunch,* 646 S.W.2d 158, 160 (Tenn.1983); *State v. Roberts,* 755 S.W.2d 833, 836 (Tenn.Crim.App.1988).

**21.** *State v. Aucoin,* 756 S.W.2d 705, 716 (Tenn. Crim.App.1988), cert. denied, 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 845 (1989) [post-trial hearing]; *State v. Hopper,* 695 S.W.2d 530, 537 (Tenn.Crim.App.1985) [transcript of hearing on pre-trial motions]; *State v. Morton,* 639 S.W.2d 666, 668 (Tenn.Crim.App.1982) [transcript of hearing on a pre-trial motion]; *State v. Hoosier,* 631 S.W.2d 474, 476 (Tenn.Crim.App.1982) [transcript of hearing on a pre-trial motion].

**22.** *Hillhaven Corp. v. State ex rel. Manor Care, Inc.,* 565 S.W.2d 210, 212 (Tenn.1978); *State v. Aucoin,* supra; *State v. Roberts,* supra.

**23.** *State v. Roberts,* supra.

**24.** *State v. Roberts,* supra. *See State v. Dobbins,* 754 S.W.2d 637, 640 (Tenn.Crim.App.1988); *Davis v. State,* 673 S.W.2d 171, 172 (Tenn.Crim. App.1984); *Trotter v. State,* 508 S.W.2d 808, 809 (Tenn.Crim.App.1974).

**25.** Tenn.R.App.P. 24(f); *State v. Melson,* 638 S.W.2d 342, 351 (Tenn.1982), cert. denied, 459 U.S. 1137, 103 S.Ct. 770, 74 L.Ed.2d 983 (1983); *State v. Cooper,* 736 S.W.2d 125, 131 (Tenn. Crim.App.1987).

**26.** *State v. Melson,* supra; *State v. Cooper,* supra.

**27.** *State v. Locke,* 771 S.W.2d 132, 138 (Tenn. Crim.App.1988).

of the trial court relative to the question of change of venue was correct.[28]

This issue is without merit.

## TESTIMONY OF PHYSICIANS

The state presented three medical doctors as witnesses: the treating physician and two pathologists. Defense counsel, stating the victim's cause of death was not an issue, objected to the testimony of the treating physician. The trial judge overruled the objection. The appellant contends in this Court that the ruling of the trial judge constituted prejudicial error.

We parenthetically note that this issue has been waived. The appellant does not cite any authority in support of this issue.[29]

In this jurisdiction the allowance of expert testimony, the qualifications of expert witnesses, and the relevancy and competency of expert testimony are matters which rest within the sound discretion of the trial court; and this Court will not interfere with the trial court's exercise of its discretion absent clear abuse.[30] The trial judge did not abuse his discretion in permitting the treating physician to testify.

This issue is without merit.

## SPECIAL REQUESTS FOR INSTRUCTIONS

The appellant submitted three special requests for instructions to the trial judge for inclusion in his charge to the jury. The special requests encompassed mutual combat, homicide by misadventure-accidental homicide, and passion and provocation. The trial judge refused to include the requests in his charge. Appellant contends that this constituted prejudicial error. We disagree.

The trial judge instructed the jury as to the offenses of voluntary manslaughter and involuntary manslaughter. These instructions necessarily included the special request regarding passion and prejudice. Thus, the trial judge properly denied this request.[31] The remaining two special requests are not supported by the record.[32]

This issue is without merit.

## SENTENCING ISSUES

The trial court found that the defendant was a standard offender, and imposed a Range I sentence of twelve (12) years. The appellant contends that the trial judge should have sentenced him to a Range I sentence as an especially mitigated offender. We respectfully disagree.

In *State v. Buttrey*,[33] the appellant shot his wife. The trial judge found the appellant was a standard offender and imposed a Range I sentence. On appeal, he too contended that the trial court should have sentenced him to a Range I sentence as an especially mitigated offender. In rejecting this claim, this Court stated:

> Whether an accused should be sentenced as an especially mitigated offender is a question which rests within the sound discretion of the court. T.C.A. § 40-35-108, which creates this sentencing classification, states that "[a] defendant *may* be sentenced as an especially mitigated offender if the criteria herein are met." [emphasis added.] The word "may", when used in a statute or rule, "usually indicates that the act to which it refers is discretionary, rather than mandatory and will be so construed unless the context indicates a different meaning." *Halfacre v. State*, 112 Tenn. 609,

**28.** *State v. Locke,* supra; *State v. Cooper,* supra; *State v. Jones,* 623 S.W.2d 129, 131 (Tenn.Crim. App.1981).

**29.** Tenn.R.App.P. 27(a)(7); Tenn.Ct.Crim.App. Rule 10(b); *State v. Killebrew,* 760 S.W.2d 228, 231 (Tenn.Crim.App.1988); *State v. Smith,* 735 S.W.2d 831, 836 (Tenn.Crim.App.1987).

**30.** *Murray v. State,* 214 Tenn. 51, 55, 377 S.W.2d 918, 920 (1964); *State v. Rhoden,* 739 S.W.2d 6, 13 (Tenn.Crim.App.1987).

**31.** *Bostick v. State,* 210 Tenn. 620, 630–631, 360 S.W.2d 472, 477 (1962); *State v. Aucoin,* supra at 715; *State v. Thomas,* 755 S.W.2d 838, 843–844 (Tenn.Crim.App.1988); *State v. Bohanan,* 745 S.W.2d 892, 896–897 (Tenn.Crim.App.1987).

**32.** *State v. Dobbins,* supra at 642–643; *State v. Eldridge,* 749 S.W.2d 756, 757–758 (Tenn.Crim. App.1988).

**33.** 756 S.W.2d 718 (Tenn.Crim.App.1988).

611, 79 S.W. 132, 133 (1904). *See Black v. State*, 154 Tenn. 88, 93, 290 S.W. 20, 21 (1927). If the Tennessee General Assembly had intended for sentencing within this classification to be mandatory, it would have used the word "shall" as it did when defining the persistent offender and especially aggravated offender sentencing classifications. *See* T.C.A. § 40–35–106(c); T.C.A. § 40–35–107(8). Furthermore, the defendant does not qualify for sentencing as an especially mitigated offender. The record does not reveal that there were "extreme mitigating factors in the commission of the offense." T.C.A. § 40–35–108(b)(3).[34]

Our decision in *Buttrey* governs this case. The appellant does not qualify for sentencing as an especially mitigated offender as the record does not reveal there were "extreme mitigating factors in the commission of the offense."

 The appellant further contends that the trial court committed error in treating the offense of employing a firearm in the commission of a felony as an enhancement of murder in the second degree. He argues that the Tennessee Supreme Court's decision in *State v. Hudson*,[35] has been implicitly overruled by the decision of the United States Supreme Court in *Missouri v. Hunter*.[36] We disagree.

In *State v. Hudson*, supra, the accused was convicted of robbery with a deadly weapon. The statute proscribing robbery provided for enhanced punishment when a deadly weapon was used to commit the offense. The trial judge permitted the sen-tence to be further enhanced by the statute in question. The Tennessee Supreme Court held that an offense, which provided for enhancement in punishment when a firearm is employed, cannot be enhanced a second time for the employment of a firearm. The Tennessee Supreme Court followed *Hudson* in *Walker v. State*.[37]

In *Missouri v. Hunter*,[38] the United States Supreme Court held that statutes which permit enhanced punishment do not violate the proscription against double jeopardy. In *Hunter*, as here, the legislature has made it "crystal clear" that when an offense is committed with a firearm, the penalty imposed for the use of a firearm is to be in addition to any other penalty imposed for a crime; and, as long as the two sentences are imposed simultaneously, the two sentences are constitutional.[39]

This case is distinguishable from both *Hudson* and *Walker*. The offense of murder in the second degree is not enhanced because a firearm is used to commit the crime. Therefore, the consecutive five year sentence is constitutional and permissible.

This issue is without merit.

SCOTT and REID, JJ., concur.

---

34. 756 S.W.2d at 722.

35. 562 S.W.2d 416 (Tenn.1978).

36. 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

37. 606 S.W.2d 531 (Tenn.1980).

38. 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

39. *See State v. Blackburn*, 694 S.W.2d 934, 936–937 (Tenn.1985).