IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

DECEMBER 1995 SESSION

FILED

April 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. #03C01-9410-CR-00366 |
| APPELLEE, | * | MCMINN COUNTY |
| VS. | * | Hon. Mayo L. Mashburn, Judge |
| RALPH AVERY SMITH, | * | (Sale of Cocaine) |
| APPELLANT. | * | |

| | |
|---|---|
| For the Appellant: | For the Appellee: |
| Ellery E. Hill, Jr.<br>Attorney at Law<br>531 South Gay St.<br>Suite 1515<br>Knoxville, TN 37902<br>(on appeal) | Charles W. Burson<br>Attorney General and Reporter<br>450 James Robertson Parkway<br>Nashville, TN 37243-0493 |
| | Christina S. Shevalier<br>Assistant Attorney General<br>450 James Robertson Parkway<br>Nashville, TN 37243-0493 |
| | Jerry N. Estes<br>District Attorney General |
| | Sandra Craig Donaghy<br>Asst. District Attorney General<br>203 E. Madison Ave.<br>P.O. Box 647<br>Athens, TN 37371 |

OPINION FILED:_____


AFFIRMED
William M. Barker, Judge

**OPINION**

The appellant, Ralph Avery Smith, was convicted of the sale of cocaine, a class B felony, and sentenced as a Range I standard offender to eight years in the Department of Correction. On appeal, the appellant argues (a) that the evidence was insufficient to support the jury's verdict, (b) that a prospective juror was improperly removed by the prosecution in violation of Batson v. Kentucky, 476 U.S. 79 (1986), (c) that the trial court erred in admitting certain evidence, and (d) that he was denied the effective assistance of counsel at trial.

We conclude that there is no reversible error in the record. The judgment of the trial court is, therefore, affirmed.

On August 6, 1993, Evelyn Linder was working as an informant for the Tenth Judicial District Drug Task Force. She met with Lt. Ken Poteet and Detective Bill Matthews. She was given $100 and told to buy crack cocaine from the appellant. A wire transmitter was placed in her car to enable officers to monitor and record the transaction. At 1:55 p.m., Linder drove to a certain location in Athens, Tennessee, and met with the appellant. She gave him $100, and the appellant told her to return to the same location around 3:00 p.m. When Linder returned to the scene, the appellant gave her nine rocks of cocaine base.[1]

Linder testified that the appellant was a friend of her son's and that she had known him nearly his entire life. In July of 1993, law enforcement officers found one of Linder's sons in possession of one gram of cocaine; thereafter, Linder met with Detective Bill Matthews and agreed to help officers arrange a purchase of cocaine from the appellant. Linder conceded that her motive was to help her son avoid a criminal

---

[1] The Tennessee Bureau of Investigation Crime Lab later tested the evidence and determined that it was "crack" cocaine weighing .5 grams.

prosecution. She also admitted that she had worked as an informant for the police in the past, and that she had been convicted of selling marijuana in 1984.

Detective Matthews testified that in July of 1993, a search of Linder's son's apartment turned up one gram of cocaine. Matthews contacted Linder, who wanted to help her son. Matthews told her that he was interested in finding the "main" supplier of crack cocaine in the area; Linder replied that she could make a purchase from the appellant. Matthews admitted that Linder's son was never arrested or charged with a drug offense relating to the July of 1993 incident; he also said that the case was pending the outcome of the appellant's case.

Matthews and Poteet met with Linder before she made the purchase from the appellant. A transmitter was placed in her car, and she was given $100. The officers monitored Linder's meeting with the appellant by wire, but they could not actually get close enough to observe the transaction.[2] Poteet conceded that Linder was not searched either before or after she met with the appellant; however, after Linder met with the appellant, she gave the officers nine rocks of crack cocaine.

Billy Simpson, the appellant's father in law, testified on behalf of the appellant. Simpson said that on August 6, 1993, he saw Evelyn Linder near the area where the drug sale allegedly occurred. He was talking to her when the appellant approached. The three talked for awhile but no transactions of any kind took place between Linder and the appellant. Simpson did not see Linder return to the scene again that day.

---

[2] During the transaction, Detective Matthews received a page and had to leave the scene. He was replaced by Detective Long, who did not testify at trial.

**I**

When a defendant challenges the sufficiency of the evidence, the standard for review by an appellate court is whether, after considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 836 (Tenn. 1978). In determining the sufficiency of the evidence, we do not reweigh the evidence, id., nor do we substitute our inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956).

The appellant argues that the evidence did not support the jury's verdict of guilty as to the sale of cocaine; instead, he claims that the evidence supported only a conviction for the casual exchange of a controlled substance. See Tenn. Code Ann. §39-17-418. We disagree. The testimony of the State's witnesses clearly revealed that the appellant sold .5 grams of crack cocaine to Evelyn Linder for $100. Moreover, the transcript indicates that the trial judge instructed the jury on the lesser included offense of casual exchange, and that it was rejected by the jury in favor of the greater offense. The appellant essentially asks us to reconsider the evidence and substitute a verdict of casual exchange for the verdict found by the jury. That is not our function. Instead, we conclude that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e).

**II**

The appellant argues that a prospective juror was removed by the State on the basis of her race in violation of Batson v. Kentucky, 476 U.S. 79 (1986).[3] In Batson, supra, the Supreme Court held that equal protection prohibits the State from challenging jurors solely on the basis of race. If a prima facie case of exclusion is made by a defendant, the burden is on the prosecution to offer a race neutral explanation for its action on the record. Id. at 96-97; see also Georgia v. McCollum, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1993) (applying Batson principles to exclusion of jurors by a defendant).

We are unable to review this issue in this case. First, the issue was waived because it was not raised in the appellant's motion for a new trial. See Tenn. R. App. P. 3(e); State v. Keel, 882 S.W.2d 410 (Tenn. Crim. App. 1994). Second, there is no transcript of the voir dire included with the record on appeal. It is the appellant's obligation to prepare a fair, accurate, and complete record of what transpired in the trial court with respect to an issue raised on appeal. State v. Boling, 840 S.W.2d 944 (Tenn. Crim. App. 1992); State v. Bennett, 798 S.W.2d 783 (1990). Absent an adequate record, we must presume the rulings of the trial judge were correct. State v. Oody, 823 S.W.2d 554 (Tenn. Crim. App. 1991). Accordingly, the appellant is not entitled to relief on this ground.

### III

The appellant argues that the trial court committed reversible error by allowing Lt. Poteet to testify as to what he heard Evelyn Linder say when he was monitoring her conversation with the appellant. He claims that there was no foundation

---

[3] Without citing authority or further arguing the point, the appellant also asserts that the removal of this juror was improperly based on gender. See, e.g., State v. Turner, 879 S.W.2d 819 (Tenn. 1994)(principles of Batson apply to the removal of jurors based on gender). As discussed, the condition of the record prevents us from reviewing either the race or gender based arguments.

for such testimony because Poteet did not testify that he was able to recognize Linder's voice on the surveillance monitor.

Again, the appellant has waived appellate review of this issue by failing to include it in his motion for a new trial. Tenn. R. App. P. 3(e). In any event, it is clear that reversible error was not committed. First, although Poteet was not specifically asked whether he recognized Linder's voice, his testimony that he met with Linder and then monitored the transaction immediately thereafter implicitly revealed that he recognized her voice. Moreover, Linder testified immediately after Lt. Poteet, and she reiterated nearly the same events and statements described by Poteet. Thus, the appellant is not entitled to relief on this issue.

## IV

Finally, the appellant maintains that he was denied the effective assistance of counsel at trial. He argues that trial counsel failed to: (a) preserve the Batson issue during jury selection; (b) properly object to Poteet's testimony about what he heard via the surveillance monitor; (c) properly use the tape recording of the transaction to highlight inconsistencies in the State's evidence; and (d) argue the defense of casual exchange. This issue was not preserved in the motion for a new trial and is therefore waived. Tenn. R. App. P. 3(e); State v. Clark, Shelby Crim. App. No. 9, 1986 WL 5314 (Tenn. Cr. App. May 7, 1986). (When raised on direct appeal claims of ineffective assistance of counsel must be raised in motion for new trial or be treated as waived.)

Accordingly, the judgment of the trial court is affirmed.

_____
William M. Barker, Judge

_____
David G. Hayes, Judge


_____
Jerry L. Smith, Judge