# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## MAY 1998 SESSION

ROY CLEVELAND SMITH, JR.,     )
                                  )
        Petitioner,             )   C. C. A. NO. 02C01-9712-CR-00468
                                  )
vs.                            )   SHELBY COUNTY
                                  )
STATE OF TENNESSEE,        )   No. P-18667
                                  )
        Respondent.          )

FILED

May 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

        This case represents an appeal from the dismissal of the petitioner's petition for post-conviction relief. On June 17, 1996, the petitioner pled guilty to rape of a child and received a fifteen year sentence. No appeal was taken. On June 23, 1997, the petitioner's petition for post-conviction relief was filed by the trial court. Finding that the statute of limitations had expired, the trial court dismissed the petition without a hearing.

        On appeal, the petitioner claims that he timely submitted his petition to the appropriate prison authorities for mailing. See Rule 28, §2(G), Rules of the Supreme Court. In support of his position, the petitioner attaches as an appendix to his brief a copy of a mail room receipt dated June 16, 1997. However, there is nothing in the record to substantiate the petitioner's claim in this respect. It is the petitioner's duty to prepare an adequate record on appeal. State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). This Court cannot consider an issue which is not preserved in the record for review. See T.R.A.P. 24(b). Moreover, allegations of fact contained in a brief may not be considered as evidence. State v. Bennett, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990). Accordingly, the petitioner's claim must fail.

        Pursuant to T.C.A. § 40-30-202(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date

of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final.  The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case.  See § 40-30-202(b).  The record reflects that the petition in this case was filed beyond the applicable statute of limitations, and is, therefore, untimely.  Accordingly, the post-conviction court properly dismissed the petition without an evidentiary hearing.  T.C.A. § 40-30-206(b).

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief.  Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of May, 1998.

_____
PAUL G. SUMMERS, JUDGE


_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE