# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JANUARY, 1998 SESSION

FILED

March 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| THOMAS CALVIN MANEY, JR. | ) | C.C.A. NO. 03C01-9704-CR-00135 |
| | ) | |
| Appellant, | ) | BRADLEY COUNTY |
| | ) | |
| v. | ) | Hon. R. Stephen Bebb, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

THOMAS CALVIN MANEY, JR.
N.E.C.C. #216056, Pro se
P.O. Box 5000
Mountain City, TN 37683

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

SANDY COPOUS PATRICK
Assistant Attorney General
2d Floor Cordell Hull Building
425 Fifth Ave. North
Nashville, TN 37243-0943

JERRY N. ESTES
District Attorney General
130 Washington Ave.
P.O. Box 647
Athens, TN 37371-0647

OPINION FILED: _____


**APPEAL DISMISSED**


CURWOOD WITT,
JUDGE

**OPINION**

Thomas Calvin Maney, the petitioner, appeals the Bradley County Criminal Court's dismissal of his post-conviction petition on February 29, 1996. From the scant record before us we learn that the petitioner pleaded guilty on March 11, 1994 and was sentenced to serve eleven months and twenty-nine days.[1] The petitioner filed a petition for post-conviction relief on July 7, 1994 alleging ineffective assistance of counsel, prosecutorial misconduct, and falsification of official documents. The trial court dismissed the petition by a written order dated February 29, 1996 because the petitioner failed to appear at a hearing scheduled two days earlier. The order was not filed until June 3, 1996. According to a letter in the record, the petitioner filed a motion to reconsider the dismissal on February 3, 1997. The record contains no copy of the motion. He filed a notice of appeal on March 24, 1997.

We are unable to reach the merits of this appeal for several reasons. First, the petitioner filed his notice of appeal more than nine months after the order dismissing his petition was filed on June 3, 1996. The rules of appellate procedure require that a notice of appeal be filed within thirty days after the entry of the judgment from which the defendant is appealing. Tenn. R. App. P. 4(a). Although this court may waive the timely filing of the notice of appeal when the interests of justice require pursuant to Rules 3(e) and 4(a) of the Tennessee Rules of Appellate Procedure, this case does not warrant such a waiver. Moreover, even if this court were to waive the timely filing of the notice of appeal, the outcome would not change. The official record is totally inadequate. It does not contain the proceedings and documents that are relevant to the issues; therefore, this court is precluded from considering them. State v. Draper, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990). In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence. Tenn. R. App. P. 24(b); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Lastly, the petitioner's brief

---

[1]The official record consists of a technical record containing 12 pages. Basically, the record contains the post-conviction petition, the order of dismissal, the notice of appeal, and three letters written by the petitioner to the trial court clerk. The petitioner included a copy of the judgment form in his brief. However, before we may consider an exhibit or attachment, it must have been received into evidence, marked by the trial judge, clerk, or court reporter, and included in the record transmitted to this court. Tenn. R. App. P. 24(f); State v. Bennett, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990).

presents no arguments that would require us to set aside the trial court's order dismissing his petition due to his failure to appear. In fact, the brief never addresses the order from which the petitioner is appealing. The brief speaks only to the issues raised in the petition, issues which the trial court has never resolved. Rule 10(b) of the Rules of the Court of Criminal Appeals provides that issues unsupported by argument and citation to legal authority are waived.

For the reasons given above, the appeal in this case is dismissed for failure to file a timely notice of appeal pursuant to Rule 3(e) of the Tennessee Rules of Appellate Procedure.

_____
CURWOOD WITT, Judge

_____
GARY R. WADE, Judge

_____
JOSEPH M. TIPTON, Judge