IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1998 SESSION

FILED

September 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk



| | | |
|---|---|---|
| MAURICE DEWAYNE DAVIS, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9705-CR-00170 |
| | ) | |
| | ) | Knox County |
| v. | ) | |
| | ) | Honorable Mary Beth Leibowitz, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Thomas Trevathan
6208 Baum Drive
Knoxville, TN 37919

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Janis L. Turner
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General
        and
Fred Bright
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Maurice Dewayne Davis, appeals as of right from the judgment of the Knox County Criminal Court denying him post-conviction relief from his 1993 conviction for second degree murder that resulted in a twenty-five-year sentence in the Department of Correction. The petitioner contends that he entered an involuntary and unknowing guilty plea through the ineffective assistance of counsel.

The record on appeal reflects that the petitioner was originally charged with first degree murder, but he pled guilty to second degree murder after jury selection started. This was precipitated by the fact that the defense was made aware that a codefendant was willing to testify against the petitioner and had given a statement that could justify a conviction for first degree murder. The defense had previously planned to use self-defense as justification for the killing. The petitioner's attorneys advised him of his exposure to a life sentence and he was allowed to go home -- even with jurors selected -- to consult with his family before he entered a plea.

The trial court's detailed findings of fact and conclusions of law reflect that the petitioner testified at the post-conviction evidentiary hearing that his attorneys did not tell him what to do, only giving advice, and that he had wanted to avoid a life sentence. One of the attorneys testified, as well. The trial court concluded that the attorneys had prepared the defense and acted professionally and that the guilty plea was entered knowingly and voluntarily.

The petitioner's contentions in this appeal are the same as he raised in the trial court. However, the record before us does not contain a transcript of the post-conviction evidentiary hearing at which the petitioner and the attorney testified. An appellant has the duty to include in the record on appeal all trial court events that are

2

relevant to the issues presented on appeal.  <u>See</u> T.R.A.P. 24(a).  In the absence of a complete record, we must presume that the trial court's ruling on the issue is correct. <u>See</u> <u>State v. Bennett</u>, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990).

In any event, the trial court's findings and conclusions that are contained in the record reflect that the petitioner's constitutional rights were not violated.  The trial court's judgment denying post-conviction relief is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Curwood Witt, Judge