# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 2000 SESSION



FILED

March 17, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **CHAD DOUGLAS POOLE,** | * | No. W1999-01518-CCA-R3-PC |
| Appellant, | * | HARDEMAN COUNTY |
| VS. | * | Hon. John Kerry Blackwood, Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction) |
| Appellee. | * | |

FOR THE APPELLANT:

DAVID H. CRICHTON
111 West Market Street
P. O. Box 651
Bolivar, TN 38008

FOR THE APPELLEE:

MICHAEL E. MOORE
Solicitor General

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243

ELIZABETH T. RICE
District Attorney General

JAMES WALTER FREELAND, JR.
and
JERRY W. NORWOOD
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

**AFFIRMED PURSUANT TO RULE 20**

**JOHN EVERETT WILLIAMS,**
Judge

# ORDER

-2-

The petitioner, Chad Douglas Poole, appeals from the Hardeman County Circuit Court's order denying his petition for post-conviction relief. His petition followed guilty pleas to especially aggravated robbery and other charges not related to this appeal. For the especially aggravated robbery, he was sentenced to 21 years in the Department of Correction as a standard offender. In this appeal, he challenges only the especially aggravated robbery conviction and presents only one argument. He argues that his guilty plea to the especially aggravated robbery is defective as it was entered unknowingly and involuntarily. After careful review, we AFFIRM the trial court's dismissal of the petition for post-conviction relief pursuant to Tenn. Ct. Crim. R. App. 20.

The basis of the petitioner's challenge to his plea to especially aggravated robbery is that at the time of his plea he believed that his sentence would be 15 years. See e.g., State v. Mackey, 553 S.W.2d 337 (Tenn. 1997). He claims that his counsel advised him that he would receive the minimum sentence, 15 years, and absent counsel's statement he would not have pled guilty. At the hearing, petitioner testified to essentially that fact; however, counsel testified that he did not advise petitioner that he would receive 15 years but, in fact, stated that the trial judge may "hit him" on the especially aggravated robbery. The trial court considered the testimony and found that: Counsel never told the petitioner that he would receive a 15 year sentence.

We affirm this finding and the trial court's ruling. First, from the record before this Court, it appears that the petitioner has neglected to include the relevant guilty plea papers, a transcript of the guilty plea hearing, and a transcript of the

sentencing hearing. These documents are essential to our review and the failure to include them in the record amounts to waiver of the issue. <u>See</u> Tenn. R. App. P. 24(b); <u>State v. Draper</u>, 800 S.W.2d 489 (Tenn. Crim. App. 1990); <u>State v. Bennett</u>, 798 S.W.2d 783 (Tenn. Crim. App. 1990). Second, the lone issue raised in the petitioner's brief is one hinging solely upon credibility. The trial court as the trier of fact makes credibility determinations given that it alone is in the best position to observe the witnesses. <u>See</u> <u>State v. Odom</u>, 928 S.W.2d 18, 23 (Tenn. 1996). We therefore accord such determination substantial deference and find no error in this case. The record before us, while incomplete, does not conflict with the trial court's finding.

Accordingly, we AFFIRM the trial court's order dismissing the petition for post-conviction relief.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
ALAN E. GLENN, Judge