IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2004

## STATE OF TENNESSEE v. JEFFERY BOWERS

**Appeal from the Circuit Court for Fayette County**
**Nos. 5300, 5301    Jon Kerry Blackwood, Judge**

_____

**No. W2003-01203-CCA-R3-CD  - Filed June 22, 2004**

_____

The defendant, Jeffery Bowers, appeals his misdemeanor speeding convictions in the Fayette County Circuit Court, claiming that the trial court improperly denied his request for time to obtain an attorney and, therefore, that he was denied his Sixth Amendment right to counsel. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Linda Kendall Garner, Memphis, Tennessee, for the appellant, Jeffery Bowers.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to the defendant's two misdemeanor convictions for speeding. The record reflects that the Fayette County General Sessions court convicted the defendant of speeding in case numbers 5300 and 5301 and that the defendant appealed his convictions to the Fayette County Circuit Court. After a bench trial on April 8, 2003, the circuit court convicted the defendant in case number 5301 of speeding; sentenced him to thirty days in jail, all suspended; and imposed a ten dollar fine. That same day, a circuit court jury convicted the defendant in case number 5300 of speeding and fined him fifty dollars. In addition, the circuit court sentenced the defendant in that case to thirty days in jail to be suspended as long as the defendant did not receive anymore speeding convictions. According to an order filed by the circuit court in case number 5300, the trial court imposed the jail sentence because the defendant "admitted to numerous speeding tickets within the last years, which indicated that the defendant had a previous history of criminal conduct."

The defendant appeals his convictions, claiming that on the day of his trials, he asked the circuit court for time to hire an attorney. He argues that the circuit court denied his request, that the denial forced him to go to trial pro se, and that the denial deprived him of his Sixth Amendment right to counsel. However, the defendant has failed to include a transcript or other appropriate statement of any circuit court proceedings in the record on appeal, and nothing in the record shows that the defendant requested a continuance in order for him to retain counsel in these cases. It was the defendant's duty to have prepared a transcript or statement of such part of the evidence or proceedings as was necessary to convey a fair, accurate, and complete account of what transpired with respect to his issues on appeal. See T.R.A.P. 24(b), (c). Generally, when the record is incomplete regarding proceedings or documents relevant to an issue, we presume the ruling on the issue by the trial court is correct. See State v. Bennett, 798 S.W.2d 783, 789-90 (Tenn. Crim. App. 1990); State v. Jones, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981). We note that in the order filed by the circuit court in case number 5300, the circuit court stated that the defendant had requested a continuance before jury selection and that the trial court denied his motion. However, by failing to include the transcript or statement of the circuit court proceedings in the record, the defendant has not provided us with a record of what transpired in the circuit court regarding any request he made for counsel. We presume the trial court ruled correctly.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE

-2-