# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. RICHARD E. BROWN, JR.

### Appeal from the Circuit Court for Williamson County
### No. I-CR062691

---

### No. M2009-00543-CCA-R3-CD - Filed February 25, 2010

---

The Appellant, Richard E. Brown, Jr., appeals his conviction and sentence for driving under the influence, second offense. Because the Appellant failed to prepare an adequate record on appeal, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ. joined.

Richard E. Brown, Jr., pro se.

Robert E. Cooper, Jr., Attorney General & Reporter, Matthew Bryant Haskell, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Appellant is appealing his conviction for driving under the influence, second offense. The Appellant was sentenced to eleven months and twenty nine days probation after serving forty-five days in jail. He was also fined $600 and ordered to pay restitution in the amount of $4,000. In addition, the Appellant's driver's license was revoked for two years. The Appellant was tried by a jury on March 5, 2008, and final judgment was entered on September 25, 2008. The Appellant retained counsel for trial and sentencing, however, he is proceeding pro se on appeal.

The appellate record was filed on June 23, 2009, and the Appellant filed his brief on November 30, 2009. In response, the State has filed a motion to dismiss. The State submits the record on appeal is incomplete because it does not contain any of the transcripts of the

trial, sentencing hearing, or hearing on the motion for new trial. See Tenn. R. App. P. 26(b). The State also submits that the Appellant's brief is not in compliance with the Rules of Appellate Procedure. See Tenn. R. App. P. 27.

Although pro se litigants are not held to the same standard as attorneys on appeal before this Court, the brief submitted by the Appellant in this case is wholly disjointed and inarticulate. The Appellant clearly failed to comply with the procedural requirements of Rule 27. Nevertheless, based upon this Court's examination of the Appellant's four part brief, it appears the Appellant is complaining that the trial court did not entertain certain pretrial motions, that the police did not provide him adequate medical assistance at the time of the accident, that his driver's license should not have been revoked, that restitution should not have been awarded, and that his jail time was excessive. However, the Appellant failed to offer any argument in support of his complaints, and he failed to offer citations to authorities or appropriate references to the record. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Nevertheless, despite the Appellant's objectionable brief, this Court is otherwise precluded from considering the complaints raised therein due to the inadequate record on appeal.

As the State aptly observes, the record on appeal does not contain any transcript of the trial court proceedings in this case. The Appellant was tried by a jury. Thereafter, the trial court held a sentencing hearing. Finally, the trial court heard arguments on the motion for new trial. However, the Appellant failed to secure the transcripts of any of those proceedings. The Appellant did not specifically respond to the State's argument that dismissal is warranted due to the record's lack of any relevant transcript of evidence. Instead, he contends that the record on appeal, as well as the numerous papers that he has submitted with his brief, present "overwhelming proof to win this case." The Appellant states that he is "not trying to get out of my sentence. I've already served my sentence. I'm just trying to maintain my innocence and clear my name."

Pursuant to the Rules of Appellate Procedure, the Appellant is responsible for procuring the relevant transcripts and filing them within sixty days of the notice of appeal or notifying the trial court clerk that no transcript will be filed. Tenn. R. App. P. 24(b). Moreover, the Appellant is responsible for ensuring that a complete and adequate record is prepared and transmitted on appeal. See, e.g., State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). If an incomplete record is presented to this Court, the Appellant risks waiving issues raised on appeal. See, e.g., State v. Cindy L. Holder, No. E2000-01191-CCA-R3-CD, 2003 WL 367244 (Tenn. Crim. App., Feb. 21, 2003).

The Appellant has been given ample opportunity, both at the beginning of this appeal and in response to the State's motion to dismiss, to cure the defects in the record, but he has neglected to do so. And although the Appellant may reproduce and attach as an appendix to his brief those parts of the appellate record he deems essential for the Court to read in order to determine the issues raised, the documents the Appellant attached which are not part of the actual record received from the trial court cannot be considered by this Court as part of the official record on appeal. State v. Kenneth Shane Story, No. M2005-02281-CCA-R3-CD, 2006 WL 2310534 (Tenn. Crim. App., Aug. 9, 2006). The alleged errors about which the Appellant complains would necessarily require this Court to review what transpired during the trial, the sentencing hearing, and/or the hearing on the motion for new trial. However, because the Appellant neglected to procure those transcripts, he has waived consideration of the issues. In such a case, the judgment of the trial court must be presumed correct. State v. Bennett, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990).

The Appellant appears to have timely filed a notice of appeal. An appellate record, albeit an incomplete record, was prepared and transmitted to this Court. This Court, therefore, is not inclined to dismiss this appeal pursuant to Rule 26(b). The State's motion in that respect is, therefore, denied. However, for the reasons stated above, the judgment of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.


_____
JERRY L. SMITH, JUDGE