IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 1, 2017

## STATE OF TENNESSEE v. CARLOS RICHARD MORRIS

**Appeal from the Circuit Court for Madison County**
**No. 06-335      Donald H. Allen, Judge**

_____

**No. W2017-00129-CCA-R3-CD**
_____

The Defendant, Carlos Richard Morris, pleaded guilty to two counts of possession of .5 grams or more of cocaine with the intent to sell, one count of possession of one-half ounce or more of marijuana, one count of possession of drug paraphernalia, and one count of failing to obey a stop sign. The trial court merged the two possession with intent to sell convictions, and it sentenced the Defendant to an effective sentence of eight years. It ordered that the Defendant's eight-year sentence from Madison County run concurrently with any remaining sentences from two previous Henderson County possession with intent to sell cocaine convictions. The Defendant filed a Tennessee Rule of Criminal Procedure 36.1 motion to correct his allegedly illegal sentence, which the trial court summarily dismissed. On appeal, we affirm the trial court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and Timothy L. Easter, JJ. joined.

Carlos Richard Morris, Madison, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Jody S. Pinkens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from drug offenses committed by the Defendant. From what we glean from the record, it appears that the Defendant's main complaint is that his sentence is illegal because the trial court improperly sentenced him to concurrent sentencing rather

than consecutive sentences.

The Defendant filed a Rule 36.1 motion in support of his contention. While it is unclear whether he attached the necessary documentation to that motion or whether he submitted it to the trial court, attached to his brief are his judgments of conviction. On February 24, 2000, in Henderson County, the Defendant pleaded guilty and was convicted of possession of cocaine with the intent to sell, an offense occurring on February 25, 1998. At the same time, and as part of his plea agreement, he pleaded guilty to possession of cocaine with the intent to sell, an offense occurring on June 10, 1999. The Henderson County trial court sentenced him as a Range I offender to serve concurrent eight-year sentences through Community Corrections for each offense.

On October 25, 2006, in Madison County, the Defendant pleaded guilty to four offenses: two counts of possession of .5 grams or more of cocaine with the intent to sell; possession of marijuana; possession of drug paraphernalia; and failure to obey a stop sign. The Madison County trial court sentenced the Defendant as a Range I, standard offender, to an effective sentence of eight years. The judgment form indicated that the Defendant agreed that his Henderson County probation was revoked. The judgment form also indicated that the Madison County trial court ordered that the Madison County sentence be served concurrently with the remaining effective sentence from Henderson County.

On August 3, 2015, the Henderson County trial court issued a probation violation order for both of the Defendant's Henderson County Community Corrections sentences. On the same date, the Madison County trial court issued an order revoking the Defendant's probation for his Madison County offenses upon the same basis. The Madison County trial court remanded the Defendant into Tennessee Department of Correction custody.

On March 21, 2016, the Defendant filed this Rule 36.1 motion alleging that his sentence was illegal. In his motion, he alleged that he was on bail for one of the Henderson County offenses when he committed the other Henderson County offense, so the sentence was illegal in that the sentences were ordered to run concurrently rather than consecutively. He further alleged that the trial court illegally ordered his Madison County sentence to run concurrently with the remainder of his sentence for his Henderson County convictions. He finally complained that he was not properly awarded jail credit.

The State filed a response in which it stated that the Henderson County sentences were entered February 24, 2000, and, as such, they were expired and could not properly be the subject of a Rule 36.1 sentence. The State further alleged that the Defendant could not have been on bail for the Henderson County sentences when he was sentenced for the

Madison County convictions on October 23, 2006. Finally, the State asserted that any error of the trial court running the sentences concurrently was to the Defendant's benefit and was therefore, not proper grounds for Rule 36.1 relief.

The Madison County trial court dismissed the Rule 36.1 motion, finding that the Henderson County sentences had expired. It further found that the Defendant could not have been on bail for the Henderson County offenses at the time that he was sentenced. Finally, the trial court found:

> Even if there was error in running sentences concurrent rather than consecutive the error is to the benefit of the movant [the Defendant] and cannot by the express provisions of rule 36.1 be the basis of a rule 36.1 motion.

> Rule 36.1(c)(3)(b) provides that if the illegal portion of the plea was to the [D]efendant's benefit the Court shall enter an order dismissing the petition. Clearly it is to the benefit of the movant to serve concurrent sentences as opposed to consecutive sentences.

On December 29, 2016, the Defendant filed a motion to reconsider, alleging that his Henderson County sentences were both currently active and not expired. He reiterated that he was improperly denied applicable pretrial jail credits. On January 12, 2017, the trial court denied the Defendant's motion to reconsider.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it found that he had not asserted a colorable claim for relief because his sentence is illegal. He explains that his sentence is illegal because it was imposed with "two plea offenses that [were] illegal sentences." He further contends that the Rule 36.1 motion should have been granted on the basis that he was not properly awarded his pretrial jail credits.

At the time that the Defendant filed his Rule 36.1 motion, Tennessee Rule of Criminal Procedure 36.1 provided in pertinent part that:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the

3

applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014) (statute amended effective July 2016 to exclude the language "at any time." *See* Tenn. R. Crim. P. 36.1(a) (2016)).

A "colorable claim" within the language of Rule 36.1 is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (citing *State v. Wooden*, 478 S.W.3d 585, 595-96 (Tenn. 2015)).

After review of the record, we note that absent are any of the Defendant's judgments of conviction or any proof that he was on bail at any point in time. The Defendant has included what purports to be the judgments of conviction as an appendix to his appellate brief, but he did not include the documents in the record itself. This court has previously noted that "[d]ocuments attached to briefs are not cognizable as part of an appellate record." *LaBryant King v. State*, No. M2004-01371-CCA-R3-PC, 2005 WL 1307802, at *3 n.3 (Tenn. Crim. App. June 1, 2005), *perm. app. denied* (Tenn. Dec. 19, 2005); *see State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990); *State v. Kenneth Shane Story*, No. M2005-02281-CCA-R3-CD, 2006 WL 2310534, at *4 (Tenn. Crim. App. Aug. 9, 2006), *perm. app. denied* (Tenn. Dec. 27, 2006). "While our Rules of Appellate Procedure permit an appellant to file an appendix containing relevant portions of a record, *see* Tennessee Rule of Appellate Procedure 28, the documents must also be included in the record itself." *King*, 2005 WL 1307802, at *3 n.3 (citing *Matthews*, 805 S.W.2d at 783-84). This court is precluded from considering an issue when the record is incomplete and does not contain the proceedings and documents relevant to the issue. *State v. Bennett*, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990). Because the Defendant's argument turns on whether he was on bail when he committed subsequent offenses, whether his sentences have expired, and whether he was awarded pretrial jail credits, the judgments of conviction and further documentation supporting his contentions should have been made a part of the appellate record. Without a complete record, we cannot determine whether the Defendant has stated a colorable claim. As such, we conclude that the trial court properly dismissed the Defendants Rule 36.1 motion.

4

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE