# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JANUARY, 1998 SESSION

FILED

March 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **RANDALL KEITH ATTAWAY**, | ) | No. 03C01-9703-CR-00100 |
| | ) | |
| Appellant. | ) | |
| | ) | Morgan County |
| vs. | ) | |
| | ) | Honorable E. Eugene Eblen, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Habeas Corpus) |
| Appellee, | ) | |

FOR THE APPELLANT:

RANDALL KEITH ATTAWAY,
PRO SE
M.C.R.C.F. P.O. Box 2000
Wartburg, TN 37887-2000

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

CHARLES HAWK
District Attorney General

FRANK HARVEY
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

Randall Keith Attaway, the petitioner, appeals pursuant to Rule 3, Tennessee Rules of Appellate Procedure, from the trial court's dismissal of his petition for writ of habeas corpus. In May, 1994, the petitioner pled guilty to theft of property worth more than $10,000 but less than $60,000, felony jail escape, and several counts of possession with the intent to sell various controlled substances. He received Range III sentences of fifteen years on the theft charge, six years for escape, fifteen years for one possession count and eight years for each of the others.[1] In his petition, Attaway challenges only his conviction for felony escape. Although the petitioner contends that the trial judge erred by dismissing his petition without appointing counsel or holding an evidentiary hearing, his major contention is that his conviction for felony escape is void because the indictment failed to the allege the mens rea for that offense.

The indictment at issue, however, is not contained in the record on appeal. It is the appellant's obligation to prepare an adequate record in order to allow meaningful review on appeal; an appellate court cannot consider an issue which is not preserved in the record for review. State v. Banes, 874 S.W.2d 73, 82 (Tenn. Ct. App. 1993). When the record is incomplete and does not contain the documents relevant to an issue, this court may not consider the matter. State v. Bennett, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990). We are unable to review the sufficiency of an indictment unless we have a copy of that document.

Moreover, habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of

---

[1] The petition does not clearly state which sentences are concurrent and which, if any, are consecutive. As the record does not include the judgment forms, we cannot calculate the length of his effective sentence.

imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In this instance, petitioner does not contend that his sentence has expired, nor has he established that the trial court lacked jurisdiction to enter judgment on the felony escape charge. If the proscriptive statute does not indicate that the accused's culpable mental state is a material element of the offense of felony escape, "the appellant's challenge is not jurisdictional in nature." Robert Duane Bitner v. Billy Compton, No. 02C01-9610-CC-00336, slip op. at 4 (Tenn. Crim. App., Jackson, Nov. 4, 1997), pet. for perm. app. filed (Tenn. Jan. 8, 1998); see Jackie Slagel v. State, No. 03C01-9704-CR-001435 (Tenn. Crim. App., Knoxville, June 10, 1997), perm. app. denied (Tenn. 1997); State v. Robert Read, Jr., No. 01C01-9603 -CR-00106 (Tenn. Crim. App., Nashville, Apr. 3, 1997), pet. for perm. app. filed (Tenn. May 30, 1997); State v. John James, No. 01C01-9601-CR-00016 (Tenn. Crim. App., Nashville, Mar. 27, 1997); State v. John Haws Burrell, No. 03C01-9404-CR-00157 (Tenn. Crim. App., Knoxville, Feb. 11, 1997), perm. app. denied (Tenn. 1997) (concurring in results only).

The statute does not indicate that the mens rea is a material element of the offense of felony escape. See Tenn. Code Ann. §§ 39-16-605(a) (1997).[2] Therefore, because the defect of which the petitioner complains does not divest the trial court of jurisdiction or render the subsequent proceedings void, habeas corpus relief is not available. James Clyde Saylor v. Carlton, No. 03C01-9612-CR-00453, slip op. at 3 (Tenn. Crim. App., Knoxville, Oct. 31, 1997).

Even if this issue were properly before this court, the petition would

---

[2] Section 605(a) provides that "[i]t is unlawful for any person arrested for, charged with, or convicted of an offense to escape from a penal institution. Tenn. Code Ann. § 39-16-605(a)(1997). Elsewhere "escape" is defined as the "unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period but does not include a violation of conditions of probation or parole. . . ." Tenn. Code Ann. § 39-16-601(3).

3

fail on the substantive grounds as well.[3]  In his petition, Attaway quotes from the indictment as follows: "Randall Keith Attaway . . . did unlawfully, escape from the Cocke County Jail."[4]   Assuming that the indictment is worded as the petitioner claims, we  conclude that it is sufficient in all respects.  See State v. Hill, 954 S.W.2d 725 (Tenn. 1997).  In Hill, the supreme court held that, in those instances in which the statutory definition of a crime does not plainly dispense with a mental element and the  charging instrument does not allege a culpable mental state, the indictment is nevertheless sufficient to support prosecution if

> (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;

> (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and

> (3) the mental state can be logically inferred from the conduct alleged.

State v. Hill, 954 S.W.2d at 726-27.  The language of the indictment follows the language of the statute and states the facts in ordinary and concise language.  See Tenn. Code Ann. § 40-13-202 (1997); Hill, 954 S.W.2d at 727.   A person of common understanding can understand the offense with which the petitioner is charged; a court, on conviction, would be able to pronounce a proper judgment that would protect the defendant from further prosecution for the crime.  Id.

Moreover, the mental state may be logically inferred from the conduct alleged.  See Hill, 954 S.W.2d at 729; see also State v. Marshall, 870 S.W.2d 532, 537-39 (Tenn. Crim. App. 1993).  The statute which creates the offense of felony escape does not indicate that the accused's culpable mental state is a material

---

[3]     The petitioner's claims are likewise inapposite for a post-conviction petition.

[4]     This court may not consider statements of fact made in pleadings, briefs or oral arguments unless they are supported by a transcript or other evidence.  State v. Bennett, 798 S.W.2d at 789.

element of the offense nor does it clearly dispense with the requirement. Tenn. Code Ann. § 39-16-605(a) (1997). Thus, pursuant to Tennessee Code Annotated section 39-11-301(c), the mental element is satisfied if the indictment alleges that the defendant committed the proscribed act with intent, knowledge, or recklessness. As defined by statute, "escape" is the unauthorized and unlawful departure from custody. Tenn. Code Ann. §§ 39-16-601(3) and - 605(a)(1997). The dictionary defines "escape" as "to break loose from confinement; get free." American Heritage Dictionary of the English Language 625 (3rd Ed. 1996). Any unauthorized and unlawful breaking free from confinement in a county jail would necessarily be committed either intentionally, knowingly, or recklessly. The language that the petitioner alleges was contained in the indictment provided adequate notice to both the petitioner and the trial court and protects the defendant from subsequent re-prosecution for this same offense.

Finally, we find no error in the trial court's summary dismissal of the non-meritorious petition without appointment of counsel and a hearing. The Habeas Corpus Act requires the court to review the petition and dismiss it and to refuse to issue the writ unless it indicates the petitioner's conviction may be void. See Tenn. Code Ann. §§ 29-21-101, -109 (1980). If the writ is refused based on the failure of the petition to raise a cognizable claim for relief, any need for a hearing is obviously pretermitted because there is no justiciable issue before the court. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W.2d 280 (1963). See generally Tenn. Code Ann. §§ 29-21-101 to -130 (1980 and Supp. 1996). Thus, the trial court did not err simply because it did not allow a hearing, appointment of counsel and an opportunity for amendment of the petition.

Having found no error in the proceedings below, we affirm the trial

5

court's dismissal of Attaway's habeas corpus petition.

_____
CURWOOD WITT, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
JOSEPH M. TIPTON, Judge