# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1998 SESSION

FILED

September 16, 1998

Cecil W. Crowson
Appellate Court Clerk

ROBERT BURNS, )
                ) NO. 01C01-9709-CC-00434
    Appellant, )
                ) MAURY COUNTY
VS. )
                ) HON. WILLIAM B. CAIN,
STATE OF TENNESSEE, ) JUDGE
                )
    Appellee. ) (Post-Conviction)

---

**FOR THE APPELLANT:**

**SHARA ANN FLACY**
District Public Defender

**JOHN R. WINGO (At Hearing)**
Assistant Public Defender
209 W. Madison Street
P.O. Box 1208
Pulaski, TN 38478-1208

**JOHN E. HERBISON (On Appeal)**
2016 Eighth Avenue S.
Nashville, TN 37204-2202

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**T. MICHAEL BOTTOMS**
District Attorney General

**JESSE DURHAM**
Assistant District Attorney General
10 Public Square
P.O. Box 1619
Columbia, TN 38402-1619

OPINION FILED: _____

AFFIRMED

**LEE MOORE,**
**SPECIAL JUDGE**

## OPINION

The petitioner, Robert Burns, appeals the order of the Maury County Circuit Court denying his petition for post-conviction relief. Petitioner is currently serving a sentence of fifty (50) years for one (1) count of second degree murder. Because the offense was committed with a firearm, petitioner's sentence was enhanced five (5) years for an effective sentence of fifty-five (55) years. Petitioner filed the present petition, claiming that he received ineffective assistance of trial and appellate counsel. On appeal, he argues that counsel was ineffective by failing to: (1) listen to the audiotape of defendant's preliminary hearing; (2) request a special jury charge on mutual combat; (3) submit the sentencing hearing transcript as part of the record on direct appeal; and (4) challenge the sufficiency of the evidence on direct appeal regarding venue. After a thorough review of the record before this Court, we find no reversible error. Accordingly, the judgment of the trial court is affirmed.

## FACTUAL BACKGROUND

### A. Trial

Petitioner was convicted by a Maury County jury of one (1) count of second degree murder by use of a firearm. His conviction was affirmed by this Court. State v. Robert Burns, C.C.A. No. 89-117-III, Maury County (Tenn. Crim. App. filed December 21, 1989, at Nashville). We will recite the facts, in part, as set out by this Court on direct appeal:

> On Thanksgiving morning, November 26, 1987, the defendant's sons, Ronnie Burns and Jerry Burns, went hunting with three other young men on property adjacent to a farm owned by the victim, Virgil Fuller. At lunchtime, they reported to the defendant that they had heard several shots fired from the vicinity of the Fuller residence.[1]

_____

[1] Some tension had apparently existed between the defendant's and the victim's respective families for some time relating to the defendant's family's use of adjoining property.

In response to his son's comments, later that afternoon the defendant armed himself, drove to the victim's trailer, blew his car's horn, and walked toward the trailer. The victim placed a handgun in the waistband of his pants, went outside and said, "Get out of here, Robert Burns. I'm not going to argue with you."

According to Michelle Lewis, the victim's thirteen year old stepdaughter, the victim jumped back with his hands up just as the defendant fired. The victim then ran behind a tree, drew his weapon, and fired two shots. When the defendant got inside his car, the victim returned to his residence . . .

Medical testimony established that the victim died from blood loss resulting from a single gunshot wound to the abdomen. There was an exit wound in the back.

. . . .

Immediately after the shooting, Sergeant James Johnston of the Maury County Sheriff's Department questioned the defendant at his residence. The defendant denied knowing anything about the shooting and claimed that he had been in his hay field.

In a search later that evening, authorities found a box of shells in the defendant's bedroom, a holster, and a gun underneath some tin beside his garage. The pistol had four live rounds and one spent shell under a cocked hammer. The defendant admitted having hidden the weapon.

Afterwards, the defendant admitted that he shot the defendant but claimed that it was in self-defense. A bullet was found in the Fuller residence near the door. The crime laboratory later determined that it had been fired from the defendant's gun.

At trial, the defendant testified that the defendant cursed him, ordered him to leave, and shot three or four times before the defendant returned fire from some three to four feet away. He claimed that he initially lied to officers because he was scared.

State v. Robert Burns, No. 89-117-III, 1989 Tenn. Crim. App. LEXIS 893, at *1-2.

## B. Post-Conviction

Jerry Colley was retained to represent petitioner at trial. He testified that his legal career spanned forty-six (46) years and he had tried over 100 murder cases. He stated that he met with the petitioner several times prior to trial and investigated the case thoroughly.

He acknowledged that he failed to listen to the audiotape of petitioner's preliminary hearing, and his secretary made an error in the transcript. When he attempted to use the preliminary hearing transcript to impeach a state's witness, it was discovered that the transcript was inaccurate. However because he could not

3

recall the witness' preliminary hearing testimony fully prior to trial, he saw no reason to question the transcript's accuracy.

He testified that he was unaware of why he did not request that the trial court charge the jury on mutual combat. He further stated that he did not contest the sufficiency of the evidence on appeal because he thought such a claim would have been frivolous.

Petitioner testified that his attorney met with him only once prior to trial. He further stated that he informed Colley prior to trial that the preliminary hearing transcript was erroneous, but Colley disregarded this information.

The trial court found that counsel's representation was not only effective, but "outstanding." The court further found that petitioner suffered no prejudice from any of counsel's alleged deficiencies. Thus, the trial court denied post-conviction relief. From this ruling, petitioner now brings this appeal.

## STANDARDS FOR REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley v. State, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court.

4

Henley v. State, 960 S.W.2d at 579; Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, 960 S.W.2d at 579; Black v. State, 794 S.W.2d at 755.

## INEFFECTIVE ASSISTANCE OF COUNSEL

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. at 688, 104 S.Ct. at 2065; Henley v. State, 960 S.W.2d at 579; Goad v. State, 938 S.W.2d at 369.

### A. Preliminary Hearing Transcript

Petitioner contends that trial counsel was ineffective for failing to listen to the audiotape of petitioner's preliminary hearing prior to trial. State witness, Michelle

Lewis, testified at trial that her stepfather told petitioner before he was shot, "Get out of here, Robert Burns. I'm not going to argue with you." During cross-examination, trial counsel attempted to impeach Lewis with the transcript of her preliminary hearing testimony, wherein it was transcribed that she heard Fuller say, "Get out of here, Robert Burns, or I'll put a hole in you." Lewis denied that she testified in that manner.

In a jury-out proceeding, the prosecution informed the court and defense counsel that the transcript of Lewis' preliminary hearing testimony was incorrect, in that she did testify that Fuller stated, "I'm not going to argue with you" instead of "I'll put a hole in you." Defense counsel argued that his secretary transcribed the hearing at his request, and the transcript was mistakenly inaccurate. Defense counsel promptly moved for a mistrial, which was denied by the trial court. Upon the jury's return, the trial court gave curative instructions. The disputed portion of the audiotape of the preliminary hearing was then played for the jury.

Petitioner appealed the trial court's denial of the mistrial on direct appeal. This Court affirmed the trial court's decision, implicitly holding that the petitioner's right to a fair trial was not compromised. State v. Robert Burns, No. 89-117-III, 1989 Tenn. Crim. App. LEXIS 893, at *3.

Petitioner argues that trial counsel's failure to listen to the preliminary hearing tape constituted deficient performance which resulted in prejudice to the petitioner. We disagree. The trial court found that counsel's representation of petitioner was "outstanding," and this Court is bound by that finding unless the evidence preponderates otherwise. Henley v. State, 960 S.W.2d at 578.

In any event, petitioner has not established prejudice. On direct appeal, this Court held that a mistrial was not mandated, implicitly concluding that defendant was not denied his right to a fair trial. Furthermore, the trial court fully instructed the jurors as to the misunderstanding. Petitioner has not established that the alleged error deprived him of his right to a fair trial.

This issue is without merit.

6

### B. Mutual Combat Jury Instruction

Petitioner also asserts that counsel was ineffective for failing to request a special jury instruction on mutual combat. He maintains that, under the law that existed at the time of the commission of the offense, a homicide committed during mutual combat is voluntary manslaughter. *See* Cooper v. State, 356 S.W.2d 405, 411 (Tenn. 1962). He argues that the evidence supports an instruction on mutual combat, and trial counsel was ineffective for failing to request such an instruction.

"Mutual combat has been defined as 'one into which both parties enter willingly, or in which two persons, upon a sudden quarrel, and in hot blood, mutually fight.'" State v. Johnson, 909 S.W.2d at 464 (quoting Black's Law Dictionary 266 (6th ed. 1990)). Mutual combat is not a statutory defense, but may constitute "provocation" which would reduce the degree of homicide. Johnson, 909 S.W.2d at 464 (citations omitted).

However, the evidence in this case would not support an instruction on mutual combat. *See, e.g.,* State v. Bennett, 798 S.W.2d 783, 790 (Tenn. Crim. App. 1990). The state's theory was that even though the victim had a gun tucked into his pants, he had his hands in the air at the time he was shot. Furthermore, petitioner testified at trial that he did not try to shoot the victim. None of the testimony at trial gives rise to an inference that the parties engaged in "mutual" fighting prior to the victim being shot. An instruction on mutual combat was unnecessary. Therefore, counsel was not deficient for failing to request such an instruction.

Nevertheless, petitioner was not prejudiced by the failure to request an instruction on mutual combat. At the time the offense was committed, a homicide committed during mutual combat was voluntary manslaughter, Cooper v. State, 356 S.W.2d at 411, and the jury was properly charged as to voluntary manslaughter. The jury obviously found that the victim's actions did not constitute adequate

provocation which would reduce the homicide to voluntary manslaughter. Petitioner has suffered no prejudice.

This issue is without merit.

## C. Sentencing

In his next issue, petitioner contends that counsel was ineffective for failing to submit the sentencing hearing transcript as part of the record on direct appeal. On direct appeal, petitioner argued that his sentence of fifty-five (55) years was excessive. However, because the sentencing hearing transcript was not included in the record, this Court was precluded from considering the issue on its merits and deemed the issue waived. State v. Robert Burns, No. 89-117-III, 1989 Tenn. Crim. App. LEXIS 893, at *3-4. Petitioner claims that there is a reasonable probability that this Court would have reduced his sentence had the issue been determined on its merits. Therefore, he asserts that counsel was deficient, and he suffered prejudice as a result.

Assuming, arguendo, that counsel was deficient for failing to submit the transcript of the sentencing hearing on direct appeal, we are not persuaded that petitioner's sentence would have been modified. Petitioner was properly sentenced under the 1982 Sentencing Act.[2] See Tenn. Code Ann. § 40-35-101, et. seq. (1982). Under the 1982 Act, petitioner was sentenced as a Range II offender, as he was adjudged to be an especially aggravated offender. An "especially aggravated offense" is "[a] felony resulting in death or bodily injury or involving the threat of death or bodily injury to another person where the defendant has previously been convicted of a felony that resulted in death or bodily injury." Tenn. Code Ann. § 40-35-107(1) (Supp. 1987). Because the present offense was second degree murder and petitioner had a prior conviction of voluntary manslaughter, he properly qualified as an especially aggravated offender.

Furthermore, defendant had an extensive criminal history, including various

_____

[2] This offense was committed prior to the effective date of the Criminal Sentencing Reform Act of 1989, and petitioner was also sentenced prior to its effective date.

8

misdemeanors, assault on a police officer with the intent to commit a felony and being a convicted felon in possession of a firearm, all in addition to his prior conviction for voluntary manslaughter. Moreover, defendant had a prior probation revocation in 1984.

During the sentencing hearing, the trial court noted defendant's lengthy criminal history in addition to his conviction for voluntary manslaughter. The trial court also recognized that defendant had a previous probation revocation. Both of these are appropriate enhancement factors under the 1982 Sentencing Act. Tenn. Code Ann. § 40-35-111(1), (8) (1982). The trial court then enhanced petitioner's sentence from the minimum thirty-five (35) years to fifty (50) years.

Our review of the record indicates that the trial court properly considered the sentencing principles, and petitioner received an appropriate sentence. We, therefore, conclude that petitioner has failed to establish that he was prejudiced as a result of counsel's failure to submit the sentencing hearing transcript as part of the record on direct appeal.

This issue is without merit.

### D. Venue

Petitioner finally insists that counsel was deficient on appeal for failing to challenge the sufficiency of the evidence regarding venue. He contends that there is no evidence that the homicide occurred in Maury County; thus, he would have received a new trial had counsel raised the issue.

This issue was not raised in the petition for post-conviction relief nor at the hearing on the petition. This Court has appellate jurisdiction only. Tenn. Code Ann. § 16-5-108(a). Issues not raised in the petition for post-conviction relief cannot be raised for the first time on appeal. A post-conviction petition "must necessarily rest upon and be determined by the factual allegations it contains." Long v. State, 510 S.W.2d 83, 85 (Tenn. Crim. App. 1974). This issue is, therefore, waived.

Regardless, our review of the transcript indicates that venue was established by a preponderance of the evidence. The evidence showed that the homicide

9

occurred at Fuller's residence on Bear Creek Pike. A Tax Assessor's map was introduced at trial which shows that Bear Creek Pike is in Maury County. Furthermore, the jury was properly charged as to venue. Petitioner has not established that he was prejudiced by counsel's alleged deficiency.

This issue has no merit.

## CONCLUSION

The record fully supports the trial court's determination that petitioner received effective assistance of counsel. Accordingly, the judgment of the trial court is affirmed.

_____
**LEE MOORE, SPECIAL JUDGE**

**CONCUR:**

_____
**JOE G. RILEY, JUDGE**

_____
**CURWOOD WITT, JUDGE**

10