IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1998 SESSION



**FILED**

**November 2, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9804-CC-00117 |
| Appellee, | ) | |
| | ) | Madison County |
| v. | ) | |
| | ) | Honorable J. Franklin Murchison, Judge |
| DORIS MARIE DEBUHR, | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |

FOR THE APPELLANT:

C. Michael Robbins
46 North Third Street
Suite 719
Memphis, TN 38103
(On Appeal)

George Morton Googe
District Public Defender
Daniel J. Taylor
Assistant Public Defender
227 West Baltimore Street
Jackson, TN 38301
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37234-0493

James G. Woodall
District Attorney General
225 Martin Luther King Drive
Jackson, TN 38302-2825

Donald H. Allen
Assistant District Attorney General
225 Martin Luther King Drive
Jackson, TN 38302-2825

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

# O P I N I O N

The appellant, Doris Marie Debuhr, who will be herein referred to as the defendant, appeals as of right from a judgment of the Madison County Circuit Court revoking her probation. The defendant presents two issues for appellate review: (1) the trial court erred by receiving exhibit 1 at the probation revocation hearing, and (2) the trial court erred by ordering the defendant to be incarcerated after finding the defendant was in violation of conditions of her probation. After a review of the record, briefs of the parties, and appropriate law, the trial court's judgment is affirmed.

## FACTUAL BACKGROUND

On May 26, 1995, the defendant was found guilty by a Madison County jury of theft of property over $1,000. After a sentencing hearing on July 11, 1995, the trial court sentenced the defendant to a term of four years in the Department of Correction with the provision she be placed on immediate probation for a period of four years. The trial court ordered the defendant to pay $50 per month towards court costs and $1,727.00 in restitution to be paid in full. She was further ordered to obey all the rules of supervised probation. Also, the trial court permitted supervision to be transferred to Shelby County, the home of the defendant. The record reflects a motion for a new trial was filed, but the motion had not been heard as of the date of the probation revocation hearing.

Two probation violation reports were filed in this case. First, on October 15, 1996, a probation violation report was filed by Ms. Vicki Worsham, probation officer, alleging the defendant failed to make a full and truthful report and failed to pay court costs and restitution. On November 13, 1996, Ms. Worsham filed a second probation violation report, alleging the defendant had failed to sign necessary probation papers to be supervised in the State of Wisconsin, and thus she was rejected by the State of Wisconsin for transfer and supervision. Also, the defendant failed to pay supervisory fees of $45 a month, court costs, and restitution. On November 12, 1996, the trial court issued an arrest warrant for violation of probation for the defendant. The defendant was arrested in Wisconsin, in

2

December, 1997, and returned to Tennessee for the revocation hearing.

## PROBATION REVOCATION HEARING

Ms. Vicki Worsham, probation officer for the Department of Correction, testified that the defendant's supervision was assigned to her on July 12, 1995. Ms. Worsham sent a letter to the defendant at 1902 Louisiana Street in Memphis, requesting the defendant to contact Ms. Worsham to set up an appointment to be signed up on probation. The letter was returned to Ms. Worsham. Ms. Worsham called a phone number listed on the presentence report, and given by the defendant, which was disconnected. Ms. Worsham sent a second letter to the defendant at 4440 Boxway Drive in Memphis. This letter was returned "refused at this address." Ms. Worsham sent a third letter to the defendant at the Louisiana Street address and the defendant responded to this letter.

The defendant called Ms. Worsham on August 10, 1995 and advised Ms. Worsham that she was now living in Rapids, Wisconsin with her sister. Ms. Worsham requested that the defendant return to Jackson, Tennessee to sign up for probation and her supervision would then be transferred to Wisconsin. The defendant indicated she would return to Tennessee, but she never did. Ms. Worsham sent the necessary probation forms to the probation office in Wisconsin requesting that office to sign up the defendant in September, 1995.

On October 23, 1995, Ms. Worsham was contacted by Mr. Edward Haggard, probation officer in Salem, Wisconsin, and advised the defendant had refused to sign any probation papers and the State of Wisconsin was rejecting the transfer of probation supervision. Ms. Worsham testified she obtained an arrest warrant for the defendant on November 12, 1996 for failure to sign up for probation, non-payment of supervisory fees, and failure to pay court costs and restitution. Ms. Worsham testified she had never met the defendant and her only contact with the defendant was by phone. As of the date of the hearing, Ms. Worsham could not verify if any restitution or court costs had been paid by

3

the defendant.

Mrs. Jo Coleman Adams, testifying for the defendant, advised the trial court she had never met the defendant until the day of the revocation hearing. Mr. Martin Nabholz, a member of Mrs. Adams's prayer group, informed Mrs. Adams of the defendant's problems. Mrs. Adams contacted the defendant's previous employer, Bob Adams, at Jitney Premier in Memphis, and he had good things to say about the defendant. The defendant's minister also had good things to say about the defendant. Mrs. Adams advised the trial court she had paid $2,147.50, on the date of the hearing, in behalf of the defendant for court costs and restitution. Mrs. Adams obtained contributions for this amount from Mr. Nabholz, the defendant's sons and sister, and other members of her prayer group. Mrs. Adams testified although she had not met the defendant, she and the defendant had talked over the phone a number of times.

Mrs. Pat Isbell testified she first met the defendant in 1991 when she lived across the street from her in Jackson. Mrs. Isbell always considered the defendant as a very nice person. The defendant experienced a great deal of stress when financial problems developed during installation of a swimming pool at her home. Mrs. Isbell had heard rumors that the defendant had been convicted of theft from her employer. To the best of Mrs. Isbell's knowledge, the defendant moved to and began working in Memphis. About the theft charge, the defendant never told Mrs. Isbell she had ever broken the law.

Mr. Martin Nabholz, a resident of Memphis, testified he had known the defendant for 25 years. The defendant and Mr. Nabholz had been friends for many years. Mr. Nabholz assisted the defendant financially when she was unemployed; however, the defendant was usually employed.

The defendant did not testify at this hearing. Based on the evidence, the trial court found the defendant had violated the conditions of probation and ordered the defendant to serve the sentence imposed.

4

## LEGAL ANALYSIS

The defendant contends exhibit 1, the affidavit of Edward Haggard, probation officer for the State of Wisconsin, was hearsay evidence and the defendant had no opportunity to rebut the affidavit or to investigate the matter. Thus, the defendant was denied due process of law in presenting a defense. The State counters that the defendant has waived this issue by failing to include the affidavit in the record on appeal pursuant to Tennessee Rules of Appellate Procedure 24(b).

When an accused seeks appellate review of an issue in this court, it is the duty of the accused to prepare a record which conveys a fair, accurate, and complete account of what transpired with respect to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *State v. Bennett,* 798 S.W.2d 783 (Tenn. Crim. App. 1990), *cert. denied,* 500 U.S. 915, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991); *State v. Roberts,* 755 S.W.2d 833, 836 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1988).

This court is prohibited from considering the exhibits appended to various motions and supplements to motions that are in the "technical record." Before an exhibit or an attachment to a pleading may be considered by this court, it must have been (a) received into evidence, (b) marked by the trial judge, clerk or court reporter as having been received into evidence as an exhibit, and (c) included in the transcript transmitted to this court. While Rule 24, Tenn. R. App. P., abolishes the distinction between what was formerly referred to as the "bill of exceptions" and the "technical record," creating what is now called the "record on appeal," the foregoing rule governing exhibits was not abolished. *State v. Cooper,* 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987).

When the record is incomplete and does not contain the document relevant to the issue, this court is precluded from considering the issue. *State v. Locke,* 771 S.W.2d 132, 138 (Tenn. Crim. App. 1988), *per. app. denied* (Tenn. 1989). Therefore, we must presume the ruling of the trial court relative to the admissibility of the affidavit of Edward Haggard,

Wisconsin probation officer, was correct. *Bennett,* 798 S.W.2d at 790; *State v. Ballard,* 855 S.W.2d 557, 560-61 (Tenn. 1993); *State v. Smith,* 891 S.W.2d 922, 932 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1994). We find the issue as to the admissibility of the affidavit of Edward Haggard has been waived.

Next, the defendant contends the trial court erred by not considering an alternative sentence in lieu of incarceration when revoking her probation. The State counters there were ample grounds for the court to revoke the defendant's probation. At the conclusion of the revocation hearing, the trial court found:

> Ms. Debuhr, since July of 1995 up until now -- until she was incarcerated has not done one single thing towards being on probation. She has even refused to come in and sign in on probation. She has not paid one nickel on her restitution. She has not paid one nickel on her Court costs or one nickel on her probation fees. She has done absolutely nothing. . . .
>
> We only got Ms. Debuhr's attention when we put her in jail, which is some two and a half years after she was put on probation. She just abandoned us. She paid absolutely no attention to the Court -- to the law. She treated us with total disrespect. That's what she has continued to do. She's -- her probation -- she has violated her probation for those reasons. She just -- I don't know how to put it, except for she never has been on probation -- during all of these years. She has to be revoked.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that a person has violated the conditions of probation. Tenn. Code Ann. § 40-35-311. The judgment of the trial court will not be disturbed on appeal unless it appears that there has been an abuse of discretion. For an appellate court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. 1991).

The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision to revoke probation. *State v. Leach,* 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

6

The defendant concedes that the record demonstrates technical violations of the terms and conditions of her probation. However, due to the evidence presented at the revocation hearing, the defendant contends she should have been considered for alternative relief, such as a "second chance" for probation, in that the evidence preponderates against ordering the defendant into incarceration as a sanction.

When there is a challenge to the manner of the service of a sentence, this court has a duty to conduct a **de novo** review of the sentence with a presumption the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

At this revocation hearing, the defendant presented some valid reasons for the trial court to consider some alternative sentence. The defendant would be supported by friends and a prayer group, including total strangers who paid her court costs and restitution on the day of the revocation hearing, and her prospects of employment were great. Apparently, the defendant was 60 years old and the offense of theft was her only violation of the law. However, we must balance this evidence with the reasons as to why the trial court believed it necessary to revoke the defendant's probation. The defendant was placed on probation on July 11, 1995 for a period of four years. The defendant was required to comply with the standard conditions of probation and the special conditions of restitution and payment of court costs and supervisory fees. For some unexplained and unsatisfactory reason, the defendant would not report to the probation office in Jackson to "sign up for probation." After three attempts to contact the defendant, the defendant called Ms. Vicki Worsham, probation officer, and then the State discovered the defendant had moved to Wisconsin, apparently without the knowledge and permission of the probation office. The State attempted to work with the defendant by sending requests to Wisconsin, through the Interstate Compact Agreement, for supervision of the defendant's

7

probation in that state. The defendant refused to cooperate with the Wisconsin authorities. There seems to be some inference in the evidence the defendant would not cooperate, since she believed her conviction was unjust.

It is obvious the trial court, in its ruling, was frustrated with the defendant's total disregard of the conditions of probation. Therefore, based on the evidence in this record, we cannot find the trial court abused its discretion in ordering the defendant to serve the sentence imposed.

The trial court is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID G. HAYES, JUDGE

8