# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 9, 2010 Session

## STATE OF TENNESSEE v. JOHN D. BARNHART

**Direct Appeal from the Circuit Court for Robertson County**
**No. 74CC3-2009-CR-421 & -446     Walter Kurtz, Judge**

_____

### No. M2010-00737-CCA-R3-CD - Filed May 13, 2011

_____

Appellant, John D. Barnhart, was indicted by the Robertson County Grand Jury for aggravated assault and violation of the Sexual Offender Registration Act. Appellant pled guilty. In conjunction with the guilty plea, Appellant received a two-year sentence as a Range II, multiple offender for the conviction for violation of the Sexual Offender Registration Act and a six-year sentence for the aggravated assault conviction. The manner of service of the sentence was left to the trial court. After a sentencing hearing, the trial court sentenced Appellant to serve his sentence in incarceration and ordered the sentences to run consecutively. On appeal, Appellant contends that the trial court erred in denying an alternative sentence and in ordering the sentences to run consecutively. We affirm the judgments of the trial court.

**Tenn. R. App. P. Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Joe R. Johnson, II, Springfield, Tennessee, for the appellant, John D. Barnhart.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I. Background

The transcript of the guilty plea submission hearing is not included in the record on appeal. *See State v. Keen*, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999) (observing that "a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed"). Therefore, the facts surrounding Appellant's convictions, which are minimal, may only be gleaned from the presentence report and the testimony presented at the sentencing hearing.

The official version of the facts contained in the presentence report provides as follows:

> [Appellant] committed the malicious act of aggravated assault by repeatedly punching his 25 year old sister in the face with his fist.

> This action caused internal oral injuries and Mrs. Georgia Baker, the sister and victim sustained a broken jaw bone. Mrs. Baker received medical treatment from North Crest Medical Center for injuries sustained as a result of this incident. A written statement was rendered by Mrs. Baker and Photographs were taken.

Additionally, Appellant was indicted for failing to report to the sex offender registry agency within forty-eight hours of changing his primary residence "due to his conviction [for] statutory rape in the circuit court of Robertson County."

The presentence report indicates that Appellant was thirty years of age at the time of the preparation of the report and has approximately seventeen prior convictions. Appellant has been placed on probation three times. Appellant violated all three probative sentences.

At the hearing, Appellant's sister and victim, Georgia Baker, testified that Appellant was staying with her at the time of the offense. He stayed with her approximately a week and she could tell that Appellant was "on drugs again really bad." Mrs. Baker claimed that Appellant had a bad addiction to crack cocaine.

Mrs. Baker recalled that Appellant had served time in incarceration on a prior conviction. After he was released she described Appellant's behavior as good for about one year, but she could tell that Appellant started using drugs after hanging out with old friends. Mrs. Baker offered for Appellant to come stay with her for a while. She thought that this

-2-

would help his behavior. Appellant came to stay with her and shortly thereafter took one of her televisions and sold it to buy drugs.

Mrs. Baker confronted her brother about the stolen television and Appellant started screaming and throwing objects around. Appellant got on top of Mrs. Baker and repeatedly punched her in the mouth. Appellant punched Mrs. Baker four or five times, enough to require surgery to place a plate in the right side of her jaw. Mrs. Baker's mouth was wired shut for about nine-and-a-half-weeks. Mrs. Baker also suffered nerve damage to her chin.

Despite her injuries, Mrs. Baker wanted her brother to enter a drug treatment facility. She hoped that he would get help rather than being sentenced to incarceration. Mrs. Baker acknowledged that Appellant's criminal history and classification as a sex offender made it difficult for him to qualify for a rehabilitation program.

Appellant's father, James Barnhart, testified at the hearing. He was present during the assault on Mrs. Baker and actually broke up the fight. He acknowledged Appellant's long-standing drug addiction. He offered his support should the trial court grant an alternative sentence. Also, Mr. Barnhart acknowledged that he had filed a police report on his own son in which he alleged that Appellant had stolen his guns and taken his van without permission.

Appellant testified at the hearing. He acknowledged that his drug problems began when he was a teenager and the "hard drug" usage began around age twenty-three. Appellant informed the trial court that he would be accepted into Buffalo Valley for inpatient rehabilitation if he were granted an alternative sentence.

Appellant informed the trial court that he had previously been incarcerated for a five-year period of time. During this time, the Department of Correction did nothing to address Appellant's drug addiction.

Appellant admitted that he had other pending charges and understood that he would be required to serve 90 days of the sentence in incarceration even if the trial court granted an alternative sentence. Further, Appellant admitted that he had an extensive criminal history, including a conviction for statutory rape, which he committed while on a community corrections sentence. Appellant even admitted that he had continued to use drugs while awaiting sentencing on these charges. However, he claimed that he went to church and completed a drug detoxification program.

## II. Standard of Review

On appeal, Appellant challenges the trial court's denial of his request for alternative sentencing. Specifically, he claims that the trial court "erred in not ordering split confinement so that [Appellant] could attempt a drug rehabilitation program" and erred in ordering consecutive sentencing.

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is improper. *See* T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d). This presumption of correctness, however, " 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If, however, the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails," and our review is de novo. *Carter*, 254 S.W.3d at 345 (quoting *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992); *State v. Pierce*, 138 S.W.3d 820, 827 (Tenn. 2004)).

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. T.C.A. § 40-35-210(b); *see also Carter*, 254 S.W.3d at 343; *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002).

## III. Analysis

Effective June 7, 2005, our legislature amended Tennessee Code Annotated section 40-35-102(6) by deleting the statutory presumption that a defendant who is convicted of a Class C, D, or E felony, as a mitigated or standard offender, is a favorable candidate for alternative sentencing. Our sentencing law now provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has

not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(5), (6). Additionally, a trial court is "not bound" by the advisory sentencing guidelines; rather it "shall consider" them. *Id.* § 40-35-102(6).

As of June 7, 2005, no longer is any defendant entitled to a presumption that he or she is a favorable candidate for probation. *Carter*, 254 S.W.3d at 347. As a Range II, multiple offender, Appellant is not considered a favorable candidate for alternative sentencing. *See* T.C.A. § 40-35-102(6). Nonetheless, Appellant remains eligible for an alternative sentence because his sentences were ten years or less and the offenses for which he was convicted are not specifically excluded by statute. T.C.A. §§ 40-35-102(6), -303(a).

In determining whether to deny alternative sentencing and impose a sentence of total confinement, the trial court must consider if:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1); *see also Carter*, 254 S.W.3d at 347. Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. T.C.A. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994).

As previously noted, a transcript of the guilty plea submission hearing was not included in the record and thus the nature and circumstances of the criminal conduct may be gleaned only from the brief "official version" contained in the presentence report and the testimony at the sentencing hearing. Appellant's failure to include the transcript of the guilty plea hearing in the record normally would preclude this Court from conducting a full de novo review of the sentence under Tennessee Code Annotated section 40-35-210(b). *See State v.*

*Bennett*, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990); *State v. Shatha Litisser Jones*, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3 (Tenn. Crim. App., at Jackson, July 14, 2003).

An appellate court's "de novo review on the record of sentencing issues requires [the appellate court] to consider evidence presented at the guilty plea hearing." *State v. Cora Fierbaugh*, No. E2008-00707-CCA-R3-CD, 2009 WL 1659368, at *2 (Tenn. Crim. App., June 12, 2009), *perm. to app. denied* Oct. 26, 2009 (citing Tenn. Code Ann. § 40-35-210(b)(1), -401(d)). When the evidence presented at the guilty plea hearing or portions of the record upon which a party relies are not before the appellate court, the court must presume the trial court's determinations were correct. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).

Despite the fact that we presume the trial court's determinations in this case are correct, there is more than ample evidence to support the trial court's rulings. Appellant has a record of criminal convictions dating back twelve years to when he was eighteen years old, including at least eight misdemeanors and six felonies. He had previously had his probation revoked three times. Appellant's father testified that Appellant took his father's guns and van without permission because Appellant was again using illegal drugs approximately eight weeks prior to the sentencing hearing.

Based upon the entire record available, it is clear that consecutive sentences of incarceration were justified in this case.

## CONCLUSION

After a thorough review, we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, JUDGE

-6-