
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2017

**STATE OF TENNESSEE v. MARCUS BOALES**

**Appeal from the Circuit Court for Henderson County**
**Nos. 94-470, 96-162, 96-164, 00-002-1    Roy B. Morgan, Jr., Judge**

**No. W2016-00567-CCA-R3-CD**

The defendant, Marcus Boales, appeals from the trial court's dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 for failure to assert a colorable claim. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

George Morton Googe, District Public Defender; Hewitt Chatman (on appeal) and Caroline Ballentine (at hearing), Assistant Public Defenders, for the appellant, Marcus Boales.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On October 3, 1994, in case number 94-470, the defendant was indicted for theft of property over $1000. On April 8, 1996, in case numbers 96-162 and 96-164, the defendant was indicted for sale of .5 grams or more of cocaine, delivery of .5 grams or more of cocaine, possession with intent to sell .5 grams or more of cocaine, and possession with intent to deliver .5 grams or more of cocaine. The defendant agreed to pled guilty to the theft charge, one count of sale of cocaine, and one count of possession

with intent to sell cocaine, in exchange for sentences of four years on the theft charge and eight years on each of the drug charges, all to run concurrently with each other but consecutively to prior sentences he was serving. The trial court imposed the agreed-upon sentence on December 6, 1996.

On February 7, 2000, in case number 00-002-1, the defendant was indicted for two counts of sale of cocaine and two counts of delivery of cocaine. The defendant pled guilty to one count of sale of cocaine in exchange for a sentence of four-and-a-half years. On August 18, 2000, the trial court imposed a sentence of four-and-a-half years' probation effective the day of sentencing. On September 24, 2004, the trial court revoked the defendant's probation and ordered him to serve his original four-and-a-half-year sentence. On October 13, 2004, the trial court entered a corrected judgment, noting that the four-and-a-half-year sentence was to run concurrently with the defendant's sentence from a case in another county.

Years later, the defendant filed a petition for writ of habeas corpus, which the habeas court dismissed on July 1, 2013, for lack of jurisdiction as the defendant was in federal custody in Arkansas. The defendant then filed a motion in opposition to the habeas court's order. The habeas court entered another order denying the motion, filed on August 5, 2013, stating that it was "without jurisdiction" because the defendant was in federal custody and, additionally, because "[p]ursuant to [Tennessee Code Annotated section] 29-21-102, the [p]etitioner [was] not entitled to the benefits of a writ in the State of Tennessee." This court affirmed the habeas court's judgment on appeal. Marcus Boales v. State, No. W2013-02512-CCA-R3-HC, 2014 WL 3954029, at *3 (Tenn. Crim. App. July 30, 2014).

Finally, on March 4, 2015, the defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court appointed counsel and then held a hearing on July 20, 2015. At the hearing, the State noted that all of the defendant's sentences had expired. The trial court observed that the Tennessee Supreme Court had recently granted an appeal in order to decide whether Rule 36.1 applied to expired sentences. The trial court proposed continuing the case until the supreme court ruled on the issue. The State agreed with the approach, but the defendant asked the trial court to rule on the motion. The trial court told the defendant that, if it were to rule on the motion, it would agree with the State that the sentences were expired and that the motion should be denied. The defendant then agreed that the case be continued until the supreme court ruled on the issue.

The Tennessee Supreme Court ruled on the question on December 2, 2015, in State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015), holding that Rule 36.1 was inapplicable to expired sentences. The trial court then dismissed the defendant's Rule

36.1 motion on February 19, 2016, noting that the defendant's sentences expired on March 31, 2004[1] and that he was not entitled to relief under Brown. The defendant appealed.

## ANALYSIS

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." Brown, 479 S.W.3d at 208-09. When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). If it does, the trial court should appoint counsel for the defendant and hold a hearing to consider the motion.[2] Id. In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). Rule 36.1 "does not authorize the correction of expired illegal sentences," and "a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." Brown, 479 S.W.3d at 211.

On appeal, the defendant acknowledges that his sentences have expired and that the Tennessee Supreme Court has ruled that Rule 36.1 does not authorize the correction of expired illegal sentences. Apparently asserting that the trial court should have construed his initial habeas petition as a Rule 36.1 motion, the defendant claims that the state of the law was "clearly unsettled" at the time he originally filed his habeas corpus petition and that he might have received a favorable decision had his motion not taken so long to resolve. He cites to unpublished, subsequently abrogated case law to argue that the law was unsettled. The defendant's argument fails for a number of reasons.

First, the defendant waived the issue because it should have been raised on direct appeal. After the habeas court dismissed his petition and subsequent motion in opposition, the defendant appealed to this court, which affirmed the habeas court's judgment. Marcus Boales v. State, 2014 WL 3954029, at *3. The defendant did not argue before this court that the habeas court should have treated his petition as a Rule

---

[1] Although the trial court noted that all of the defendant's sentences expired on March 31, 2004, the court had revoked the defendant's probation on his 2000 conviction after that date. The substance of the defendant's claim with regard to that conviction was that the sentence was illegal because it ran concurrently with an expired sentence. It is possible the trial court did not view this as a colorable claim and therefore focused only upon the expiration date of the 1996 convictions. Regardless, the defendant's sentence on the 2000 conviction would have expired well before he filed his Rule 36.1 motion.

[2] Rule 36.1 was amended in part effective July 1, 2016. The prior version is applicable to this case.

36.1 motion. In fact, he apparently argued that the court should have treated it as a petition for writ of error coram nobis. Id. at *1. The defendant has therefore waived this issue for failing to raise it on direct appeal.

Second, the habeas corpus petition is not a part of the appellate record. The defendant has included what purports to be the habeas petition as an appendix to his appellate brief, but he did not include the document in the record itself. This court has previously noted that "[d]ocuments attached to briefs are not cognizable as part of an appellate record." LaBryant King v. State, No. M2004-01371-CCA-R3-PC, 2005 WL 1307802, at *3 n.3 (Tenn. Crim. App. June 1, 2005), perm. app. denied (Tenn. Dec. 19, 2005); see State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990); State v. Kenneth Shane Story, No. M2005-02281-CCA-R3-CD, 2006 WL 2310534, at *4 (Tenn. Crim. App. Aug. 9, 2006), perm. app. denied (Tenn. Dec. 27, 2006). "While our Rules of Appellate Procedure permit an appellant to file an appendix containing relevant portions of a record, see Tenn. R. App. P. 28, the documents must also be included in the record itself." LaBryant King, 2005 WL 1307802, at *3 n.3 (citing Matthews, 805 S.W.2d at 783-84). This court is precluded from considering an issue when the record is incomplete and does not contain the proceedings and documents relevant to the issue. State v. Bennett, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990). Because the defendant's argument turns on whether the habeas court should have construed his petition as a Rule 36.1 motion at the time it was filed, the petition should have been made a part of the appellate record. As such, we conclude that the habeas court properly dismissed the defendant's petition for lack of jurisdiction, rather than sua sponte construing it as a Rule 36.1 motion.

Third, Rule 36.1 was not effective until July 1, 2013, approximately one year after the defendant filed his petition for writ of habeas corpus. In fact, the habeas court entered the order dismissing the petition on June 27, 2013, although it was not filed until four days later on July 1, 2013, the same day that Rule 36.1 became effective. The defendant's argument that the habeas court should have construed the petition as a Rule 36.1 motion fails because Rule 36.1 was not effective until after the court denied the petition.

Fourth, even if this court were to consider the habeas corpus petition the defendant included with his brief, the petition does not contain the argument he eventually asserted in his Rule 36.1 motion. In the petition, the defendant admitted that his sentences have expired, but he explained that he was seeking relief in order to avoid collateral consequences in his federal case on unrelated charges. He claimed that his guilty plea was unknowing and involuntary, that he received ineffective assistance of counsel, and that he was not advised of his right to compulsory process. Even though he also challenged his sentence, he did not raise the argument he now raises but, instead, argued

-4-

that he should have received the benefit of reclassified drug sentences enacted after his sentencing. As such, setting aside the fact that Rule 36.1 was not in effect, the habeas petition and Rule 36.1 motion alleged different arguments.

Fifth, our supreme court made it clear in <u>Brown</u> that Rule 36.1 does not apply to expired sentences. 479 S.W.3d at 211. The court reached this holding after concluding that Rule 36.1 was not intended to expand the scope of relief available in habeas corpus, which was also inapplicable to expired sentences. <u>Id.</u> at 209-11. The defendant's sentences expired before he filed his initial habeas petition and were long since expired by the time he filed his Rule 36.1 motion; thus, neither the defendant's habeas petition nor his Rule 36.1 motion sought relief that the trial court was empowered to provide.

Lastly, to the extent the defendant's argument might be construed as a complaint regarding the delay between the filing of his Rule 36.1 motion and the trial court's ultimate ruling on it, the defendant consented to the continuance and cannot now challenge the delay.

## <u>CONCLUSION</u>

Based on the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE