IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 4, 2024

**STATE OF TENNESSEE v. JAMES CARTER MILLINDER**

**Appeal from the Circuit Court for Henderson County**
**No. 22297-2    Donald H. Allen, Judge**

———————————

**No. W2024-00059-CCA-R3-CD**

———————————

The Defendant, James Carter Millinder, appeals the trial court's decision ordering his agreed-upon nine-year sentence to be served consecutively to an unserved sentence in another county. The Defendant claims that the trial court erred by sentencing him in a manner not contemplated by the agreement between the parties and that this error rendered his guilty plea involuntary. Given the deficiencies in the Defendant's appellate brief, as well as the absence of transcripts of the guilty plea and sentencing proceedings from the appellate record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Samuel W. Hinson, Lexington, Tennessee, for the appellant, James Carter Millinder.

Jonathan Skrmetti, Attorney General and Reporter; Brooke A. Huppenthal, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Eric V. Wood, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.    FACTUAL AND PROCEDURAL HISTORY**

On November 21, 2022, a Henderson County grand jury indicted the Defendant for one count of theft of property valued at $1,000 or less and eight alternative counts of illegal possession of a weapon, all pertaining to possession of the same firearm on January 6, 2022. *See* Tenn. Code Ann. §§ 39-14-103, -17-1307. Three of the firearm counts alleged

that the Defendant unlawfully possessed a weapon after being convicted of a felony involving the use or attempted use of violence or a felony involving the use of a deadly weapon, a Class B felony. *See id.* § -17-1307(b)(1)(A), (b)(2). The other five counts alleged that the Defendant possessed a handgun as a convicted felon, a Class E felony. *See id*. § -1307(c). Each of the eight alternative counts alleged a different prior felony conviction.

On August 29, 2023, the Defendant pleaded guilty to the charged offenses, as well as to a number of misdemeanor driving offenses in a separate indictment.[1] While the transcript of the plea hearing is not included in the record on appeal, we glean from the written plea petition that the Defendant agreed to serve a nine-year sentence on the possession of a weapon convictions with the trial "[c]ourt to determine manner of service[.]" The plea petition indicates that "[a]ll [c]ounts are [c]oncurrent" and that the instant case would run concurrently with the sentences imposed for the misdemeanor convictions. The plea petition makes no mention of case number 20-CR-34 from the Circuit Court for Decatur County.[2] Additionally, the plea petition, which was signed by the Defendant, his counsel, and the prosecutor, contains the Defendant's acknowledgment that "there are no other terms or promises unless expressly stated herein or in open [c]ourt."

A transcript of the subsequent sentencing hearing is not included in the record on appeal.[3] The uniform judgment documents reflect that on December 7, 2023, the trial court entered judgment on these cases, merged the eight weapons counts, and ordered the Defendant to serve the effective nine-year sentence in the Tennessee Department of Correction. The trial court further ordered that this sentence would run consecutively to the sentence in Decatur County case number 20-CR-34. According to the presentence investigation report, which was included in the record as an exhibit to the sentencing hearing, the Defendant had probation revocation proceedings pending in the Decatur County case at the time of the sentencing hearing in Henderson County on these cases.

The Defendant filed a timely notice of appeal.

---

[1] The Defendant does not raise any challenge to these misdemeanor offenses on appeal.

[2] The State's notice of intent to seek enhanced punishment alleges that the Defendant was convicted in Decatur County on February 28, 2020, of aggravated burglary and vandalism and received sentences of ten and four years, respectively.

[3] On April 30, 2024, the Defendant filed a notice pursuant to Tennessee Rule of Appellate Procedure 24(d) "that no transcript or statement of the evidence shall be filed in this matter."

## II.    ANALYSIS

Before we attempt to analyze the Defendant's issue on appeal, we must determine what error the Defendant alleges occurred in the trial court and what remedy the Defendant seeks from this court. In his appellate brief, the Defendant states his issue as follows: "Did the trial court err when it ordered that [the Defendant's] sentence be served consecutive to an out-of-county probation violation when that was not part of his plea deal?" In the argument section of his brief, however, the Defendant includes only a one-sentence standard of appellate review for sentencing issues without any further legal authority for his claim that consecutive sentencing was improper. Instead, the Defendant goes on to provide authority pertaining to the voluntariness of a guilty plea, relying primarily on *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (stating that "a plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats[.]'" (quoting *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)).

After citing the pertinent law, the Defendant contends as follows:

> In the present case, it is clear that [the Defendant's] plea was not entered knowingly or intelligently. This is because neither he nor his defense counsel were given any notice that his [nine-year] sentence could potentially be ran [sic] consecutively to his Decatur County sentence. Nowhere on the plea form does it state that his Henderson County case and Decatur County case could or would be run consecutively. The only task for the [trial] court at sentencing was to determine whether [the Defendant] was to serve his [nine] years on probation or in TDOC.

At the conclusion of his brief, he asks this court to "remand [the] matter back to the [trial court] with instructions to remove the consecutive sentencing." The State responds that the Defendant has waived his claims for appellate review by failing to compile an adequate appellate record and that the trial court properly sentenced the Defendant.

We observe that any assertion relative to the voluntariness of the Defendant's plea is incongruous with his requested relief, that the consecutive sentencing notation be removed from his judgments, because the remedy for an involuntary and unknowing plea would be the withdrawal of the guilty plea, rather than any amendment of the sentences imposed. Whether the Defendant entered a knowing and voluntary plea might have been a valid argument had the Defendant moved the trial court to withdraw his guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f), but as far as this record shows,

no such motion was made. And because our jurisdiction is appellate only, we may not rule on issues that have not been first presented in the trial court. *See State v. Bristol*, 654 S.W.3d 917, 925 (Tenn. 2022). Accordingly, the only issue before this court is whether the trial court properly ordered the instant sentence to run consecutively to the Decatur County case, given the sentencing proposal submitted by the parties at the Defendant's plea.

The Defendant, however, has failed to argue this issue in compliance with our appellate rules. The Tennessee Rules of Appellate Procedure and the Rules of the Court of Criminal Appeals set forth rules regarding appellate practice, specifically, the form and contents of a party's brief. Tennessee Rule of Appellate Procedure 27(a)(7) requires an appellant to include in their appellate brief "[a] statement of the issues presented for review" and an argument section setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." In addition, the rules of this court state that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b).

As noted above, aside from including a one-sentence standard of appellate review for sentencing issues, the Defendant only provides authority pertaining to the voluntariness of a guilty plea. "In our adversarial system, the judicial role is not 'to research or construct a litigant's case or arguments for him or her[.]" *Bristol*, 654 S.W.3d at 924 (quoting *Sneed v. Bd. Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010)). Accordingly, an appellate court "may decline to consider issues that a party failed to raise properly." *Id.* at 923 (quoting *State v. Harbison*, 539 S.W.3d 149, 165 (Tenn. 2018)). Because he fails to include any citations to the authorities relied on in support of his contention that consecutive sentencing was improper, the issue is waived. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).

Also, by failing to include the transcripts of the guilty plea and sentencing hearings in the record, the Defendant has failed to present an adequate record on appeal, thereby precluding appellate review. To effectuate appellate review, the Defendant "has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal." *State v. Stack*, 682 S.W.3d 866, 876 (Tenn. Crim. App. 2023) (citing *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983)) (discussing how appellate review was precluded by the defendant's failure to include in the appellate record the guilty plea hearing transcript that provided the factual circumstances of the offense and

the trial court's reasoning for its sentencing determinations); *see also* Tenn. R. App. P. 24(b) (stating that "the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue . . . [and] must conclusively presume that the ruling of the trial court was correct in all particulars." *Stack*, 682 S.W.3d at 876 (citing *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987)).

The Defendant has not met his burden of compiling an adequate record. At a minimum, for this court to review the adequacy of the trial court's articulated reasoning for imposing consecutive sentencing, there must be a transcript of the sentencing hearing. *See State v. Bennett*, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990) ("Where, as here, there has been an evidentiary hearing regarding the issue, the accused is required to include a transcription of the hearing in the record."), *e.g.*, *State v. Pittman*, No. W2016-00745-CCA-R3-CD, 2017 WL 2179959, at *6 (Tenn. Crim. App. May 16, 2017) (treating a defendant's consecutive sentence challenge as waived due to his failure to include the transcript of the sentencing hearing). Additionally, the omission of the transcript of the guilty plea hearing prevents this court from reviewing the factual circumstances of the offense that the trial court may have considered in ordering consecutive sentencing. *See Stack*, 682 S.W.3d at 876.

Importantly, we are unable to determine if, and to what extent, the possibility of a consecutive sentence was discussed at the guilty plea or sentencing hearings. This determination is crucial in examining the full meaning of the language in the plea petition that the trial court was to "determine [the] manner of service" or what effect Tennessee Rule of Criminal Procedure 32(c)(2) would have had on the alignment of the Defendant's sentences. *See* Tenn. R. Crim. P. 32(c)(2) (setting forth the trial court's authority to impose a sentence consecutively to an unserved Tennessee sentence, with different standards for known sentences versus unknown sentences that the Defendant failed to bring to the attention of the trial court).

And the inadequacy of the record in this instance was not an accidental omission, as the Defendant affirmatively stated in his filing of April 30, 2024 that no transcript or statement of evidence would be filed. Despite the State's argument regarding the inadequacy of the record, the Defendant did not file a reply brief to rebut the argument, nor did he move this court to supplement the record with the necessary transcripts. *See* Tenn. R. App. P. 24(e) (permitting correction or modification of the record). Lacking a complete record of the proceedings being challenged on appeal, we are unable to reach the merits of

the trial court's sentencing decision relative to the imposition of consecutive service of the Decatur County case.

### III. CONCLUSION

In consideration of the foregoing, we affirm the judgments of the trial court.

_____
KYLE A. HIXSON, JUDGE